# Gonzales *v.* Hukil.

### *Bill in Equity for Foreclosure of Mortgage.*

1. *Conveyance of land by husband and wife having no title.* — On the sale and conveyance by husband and wife of land to which neither of them has any title, the note for the purchase money is without consideration; a mortgage on the land, given to secure it, is incapable of being foreclosed, and the wife is not estopped from setting up a title to the land subsequently acquired by her.

2. *General prayer; what relief may be granted under.* — Under a bill filed by the wife, to foreclose a mortgage given to secure the purchase money of land, which was sold and conveyed by her and her deceased husband in his lifetime, but to which neither of them had any title at the time of the sale and conveyance, if it appears that the wife afterwards acquired a title, the chancellor may, under the general prayer for other and further relief, render a decree in her favor for the land, and perpetually enjoin the defendant from setting up any title to it under his contract of purchase.

[Gonzales *v.* Hukil.]

APPEAL from the Chancery Court at Montgomery. Heard before the Hon. ADAM C. FELDER.

WALKER & MURPHEY, for appellant.

MORGAN, BRAGG & THORINGTON, *contra.*

B. F. SAFFOLD, J. — The bill was filed by the appellee, to foreclose a mortgage of land given by the appellant, Gonzales, to secure the payment of a note made by him in favor of the appellee's husband, for the purchase money on a sale and conveyance of the land to him by the husband and wife. It alleged that the note had been turned over to the complainant by her husband, in consideration of her having paid for the land with money obtained from her father after the sale to Gonzales. At the time of the said sale to Gonzales, neither the complainant nor her husband, Robinson, had any title to, or interest in the land whatever. But, afterwards, the owner (Porter) sold and conveyed it to Robinson, in trust for his wife. The purchase money was paid by her. In addition to the special relief sought, the prayer was "for such other or further and different relief as the nature and circumstances of her case may require." The chancellor decreed the property to the complainant, free from any contract of sale with Gonzales, and perpetually enjoined him from setting up any claim to it by virtue of the alleged sale from Robinson.

The joint conveyance of land by husband and wife, as his property, does not estop the wife from setting up a title subsequently acquired. She is not *sui juris*, except to relinquish her dower. Tyler on Inf. & Cov. 316 ; *Jackson* v. *Vanderheyden*, 17 Johns. R. 167 ; *Teal* v. *Woodworth*, 3 Paige's Chan. R. 470. As Robinson and his wife had no interest in the land at the time of the sale to Gonzales, of course the latter took none by his supposed purchase. His note was without consideration, and his mortgage incapable of foreclosure. The chancellor had either to dismiss the bill, leaving the parties at sea about their rights, or to declare them as the full history of the case indicated. This he was enabled to do, without surprise to the defendant, under the disjunctive prayer for general relief. *Graham* v. *Cook et al.*, June Term, 1871.

The decree is affirmed.