[Curry v. American Freehold Land Mortgage Company, &c.]

# Curry v. American Freehold Land Mortgage Company, &c.

*Bill in Equity to enforce Lien on Land.*

1.   *Wife joining in husband's deed, to relinquish her dower, is not bound by the covenants therein.*—Where the wife joins in the deed of the husband, to relinquish her dower and effectuate a valid alienation of the homestead, she is not a covenantor in the covenant of seizin, warranty of title and against encumbrances contained in the deed.

2.   *Mortgage by married woman, prior to present statute, of her statutory separate estate was void*—Prior to the present married woman's law, a mortgage made by a married woman, with or without her husband, of her statutory separate estate (except for the purpose of securing the purchase money of the land mortgaged) was null and void; inoperative as a conveyance at law, or an estoppel in equity.

3.   *Wife joining in husband's mortgage not estopped to claim prior lien as against such mortgagee.*—The joinder of a wife in a mortgage by her husband, of land conveyed to him by a deed expressly reserving in favor of the wife a lien for advances by her to the grantor, (both the mortgage and deed being prior to the present married woman's law) will not estop her from afterwards asserting the priority of her lien over that of the mortgagee, though the mortgage deed contained the usual covenants of warranty of title and against incumbrances; and her repudiation of such covenants is not a fraud subjecting her to be dealt with as a *tort feasor*.

4.   *Wife's joinder in husband's mortgage operates simply to relinquish dower and homestead.*—Joinder of a wife in a mortgage by her husband, of land conveyed to him by a deed expressly reserving to the wife a lien for prior advances by her to the grantor (both the mortgage and deed being prior to present married woman's law) operates simply as a relinquishment of her dower therein, and of the homestead.

APPEAL from the Chancery Court of Madison.
Heard before the Hon. THOMAS COBBS.
The bill in this case was filed by the appellant against the appellee, and sought to enforce a lien in her favor as being paramount to a lien held by the American Freehold Land Mortgage Company of London, Limited, under a mortgage executed to it by Burrel J. Curry, the husband of the complainant, and the complainant. The facts of the case are sufficiently stated in the opinion.

On the final submission of the cause, the chancellor decreed that the lien held by the complainant upon the lands conveyed in said mortgage was not paramount to the lien in favor of the American Freehold Land Mortgage Company of London, Limited, by reason of the mortgage to it conveying the said lands, but was subordinate thereto.   The complainant appeals from this decree, and assigns the same as error.

SHELBY & PLEASANTS and RICHARD W. WALKER, for the appellant.—The evidence shows without conflict that the indebtedness to complainant which was secured by the lien reserved by the deed of Hammond to B. J. Curry belonged to the statutory separate estate of the complainant, and that nothing has been paid on said debt. In the absence of proof to the contrary, the presumption is that it belonged to her statutory separate estate.— *Steed v. Knowles*, 79 Ala. 446 ; *Bolman v. Overall*, 86 Ala. 168. It is admitted by the answer that the mortgage to the American Freehold Land Mortgage Company was given to secure a loan to said B. J. Curry alone ; and the evidence shows that this was the fact, and that the money realized on the loan was paid to B. J. Curry alone. Nothing was received by the complainant under said mortgage.

Before the present married woman's law went into effect, Feby. 28, 1887, a mortgage of property belonging to a married woman's statutory separate estate was void. Such mortgage does not estop her or her husband, and a court of equity will intervene to annul and cancel a conveyance of her statutory separate estate, by mortgage or absolute deed, executed before said date, in consideration of the debt of her husband.— *Vincent v. Walker*, 93 Ala. 165, 86 Ala. 333 ;   *McIntosh v. Parker*, 82 Ala. 238 ; *Bolman v. Overall* 86 Ala. 165 ;  *Bergan v. Jeffries*, 80 Ala. 349 ; *Hardin v. Darwin & Pulley*, 77 Ala. 472 ;  *Loeb v. McCullough*, 78 Ala. 533.

The mortgage to the mortgage company, having been executed in May, 1886, was a mere nullity, so far as it purports to convey or bind the statutory separate estate of the complainant. It can not have operation, by estoppel or otherwise, upon such separate estate.

This is not a case for the application of the rule of estoppel against married women, declared in *Wilder v.*

*Wilder*, 89 Ala. 414.  In that case the conveyance of the
wife was an absolute sale of the property.  The court
was of opinion that the right to sell included the right
to sell on credit, and to waive the vendor's lien.  And
the ground of estoppel in that case was that the wife
actively interfered in the matter of obtaining the
money on the mortgage, and that she received that
money, or at least a part of it.  In the case at bar the
complainant had no part in obtaining the mortgage.
She received nothing under it.  To allow the warranty
in the mortgage against incumbrances to operate as an
estoppel upon the complainant, as the Chancellor did,
would be to enable her to accomplish indirectly, by
means of an estoppel, what she can not do directly.

There is nothing in the case at bar upon which to
base an estoppel against the enforcement by the appel-
lant of the lien in her favor under the deed from her
father to her husband, except the alleged contract ex-
pressed in the warranty contained in the mortgage
which she executed with her husband.  The debt due
her from her father and the lien reserved in her favor by
his deed to secure that debt being a property right be-
longing to her statutory separate estate, her mortgage of
that interest to secure the debt of her husband was,
under the law as it existed when the mortgage was exe-
cuted, a mere nullity, and can not avail to obstruct the
enforcement of the lien or charge in her favor.

But, it is submitted, in view of the state of the law at
the time the mortgage was executed to the appellee,
under a proper construction of that instrument the cove-
nants therein contained are not to be considered as pur-
porting to be the personal covenants of the appellant.
At that time the only legal effect that could be given to
a wife's joinder with her husband in a conveyance of
his lands was as a relinquishment of her inchoate right of
dower therein.  Such being the only effect the law
would give to the act, her execution of a conveyance
with him should be construed as intended to have only
this effect, and the covenants and other contract obliga-
tions in the instrument should be construed to be the
covenants and contracts of that grantor only who had
the legal capacity to bind himself thereby.  The cove-
nants should be considered as purporting to bind the
husband only.  There is no expression in the mortgage

in question indicating that the appellant joined in its execution for any other purpose than to relinquish her dower right. Her act should be construed as intended to have only the effect which the law then allowed it to have. Giving the operation to her joinder with her husband, and the instrument cuts no figure as against her, except in reference to her right to dower in her husband's lands covered by the mortgage. 2 Devlin on Deeds sec. 955.

JAMES E. WEBB and CALDWELL BRADSHAW for the appellee.—A married woman owning a statutory separate estate may estop herself by acts in parol. Appellant was not the owner of the lands mortgaged. She simply claims a lien thereon, by her bill, for the payment of $1,377.00 and interest, and that lien is simply a security for the debt. The estoppel invoked against appellant by appellee is an estoppel which prevents her from asserting the lien and grows out of the representation of facts made by her in the mortgage which, in the form set forth in the mortgage are not simply warranties but statements of fact.—*Wilder v. Wilder*, 89 Ala. 414; *McCaa v. Woolf*, 42 Ala. 389; 2 Pom. Eq. Jur. § 814; *Allen v. McCullough*, 12 So. Rep. 811; 2 Pom. Eq. Jur. § 814; 2 Herman on Estoppel § 951.

The lien of a vendor is not different from the lien which appellant seeks to enforce. The $1,377.00 due to appellant is part of the purchase money which her husband undertook to pay to Hammond, and the lien is declared in the face of the deed.—*Wilder v. Wilder, supra*.

In character from the lien which Bettie H. Curry seeks to enforce, created by the deed of Hammond to Burwell J. Curry the thirteen hundred and seventy-seven dollars due to Bettie H. Curry, is a part of the purchase money which Curry undertook to pay to Hammond, and the lien is declared in the face of the deed as written.

Bettie H. Curry had no right, title or interest in the lands included in the mortgage to the Loan Company, except her dower interest, as wife of Burwell J. Curry, and the lien upon the lands for the payment of the thirteen hundred dollars. She joined in executing it both for the relinquishment of her dower and as a release of her lien, considering the latter as an interest in the land,

which by the terms of section 2707 of the code of 1876 could only be conveyed by instrument in writing, jointly signed by her and her husband, and attested by two witnesses, or acknowledgment in lieu thereof. The mortgage was executed in the form prescribed by that section and a valid conveyance or relinquishment of any interest in that land, if such conveyance of release fell within the operation of that section.

The estoppel invoked by the mortgage company and sustained by the chancellor, is not raised by parol. It is estoppel by deed under seal. Mrs. Curry by representation made in the deed that the lands were lands of Burwell J. Curry, and that they were free from all incumbrances, is estopped from denying the proof of title which was conveyed by herself and Burwell J. Curry's mortgage in these lands to the loan company.—2 Herman on Estoppel, § 580.—There is a limitation upon the estoppel of a married woman by deed, as said by Herman in sections 581 and 582 of Volume 2nd of his work, to the effect, that it will not operate as estoppel upon her from setting up an estate, obtained subsequently by purchase against the grantee, but the estoppel by deed of a married woman operates to prevent her from setting up an estate in, or a lien upon, lands which were in her at the time of the execution of the deed. This is because a covenant is a contract, and to operate upon a subsequent title, gives force and effect to a married woman's contract, which she is incapable of making.—2 Herman on Estoppel, §§ 581, 582.

The appellant, Bettie H. Curry, did not claim to be the owner of the lands mortgaged to the loan company, but which she claims is a lien upon those lands; a lien for the payment of a debt which was due to her, which was the debt of her husband, Burwell J. Curry, as a part of the purchase money agreed to be paid by him for the lands in the deed from Hammond, her father. Her estate was, or consisted of, the debt secured by a lien upon the land. The debt is personal property, which is a chose in action, and the presumption is, that it was her statutory separate estate, held under section 2704 of the Code of Alabama, 1876 If that be the fact, then her husband, Burwell J. Curry, as her statutory trustee, had a right to collect that debt from the debtor. In other words, Burwell J. Curry as the statutory trustee of his

28

wife, had a right to receive and receipt for the thirteen hundred and seventy-seven dollars from Burwell J. Curry, the husband. The right to pay and the right to receive payment, co-existed in, one and the same person, namely, Burwell J. Curry. If that be true, then that debt was paid by operation of law, and the lien gone.— *Whitworth v. Oliver*, 39 Ala. 246, subdivision 5, opinion page 249, and others there cited. If this is not true : if Burwell J. Curry did not have the right to collect the debt from himself, then it was because his marital rights as statutory trustee of his wife were excluded. If however, the marital rights as such statutory trustee ceased to exist when he became the debtor by the assumption of Hammond's debt to the complainant, then such assumption and exclusion necessarily converted what was previously her statutory estate, into an equitable estate ; equitable, because the husband's marital right as statutory trustee was excluded, for such is the definition made by our court, of the difference between statutory and equitable separate estates. The equitable separate estate being only such where the husband's marital right as statutory trustee is excluded.

If her estate became an equitable estate for the reasons above given, then her estate in the money, being secured by a lien upon the land, created an interest in her in the land to the extent of her lien, and that interest or lien, was relinquished or conveyed, when she joined with her husband in executing the mortgage to the loan company, and her covenants in that mortgage bound her by way of estoppel.—*Jones v. Reese*, 65 Ala. 134.

HEAD, J.—On Nov. 28, 1877, F. L. Hammond, being indebted to the complainant, Bettie H. Curry, who was his daughter, in the sum of $1,377.18, and to Burwell J. Curry, her husband, in the sum of $12,330.15, conveyed, by deed, to said Burwell J. the lands which form the subject matter of this suit, in payment of the latter indebtedness, but declaring, in the deed, by appropriate words, a prior and paramount charge or lien upon the lands in favor of the complainant, the said Bettie H., for the security of the said indebtedness to her.

On May 7, 1886, the said Burwell J. Curry borrowed of the defendant, The American Freehold Land Mortgage Company of London, Limited, the sum of $10,000,

and to secure the payment of the same, in stipulated instalments, together with interest coupons attached, executed to that company a mortgage on said lands. Mrs. Curry, the complainant, described as the wife of the said Burwell J., joined in the execution of this mortgage, and acknowledged the same in the manner required by law to bar the husband's homestead, as well as in the general form prescribed by the statute for the acknowledgment of conveyances. Among other special stipulations not necessary to be noticed, the mortgage contained general covenants of seizin, warranty and against incumbrances. At the same time, they executed a second mortgage on the premises to Jos. H. Sloss, to secure a debt of $1,000. This mortgage need not be further noticed. Burwell J. Curry made default in the payment of the $10,000 mortgage, and the company proceeded to foreclose under the power of sale, and advertised the lands for sale on a specified day; sold the same and itself became the purchaser. Mrs. Curry filed her bill to enforce her lien on the lands secured to her by the deed of Hammond to her husband, as a prior charge, and the sole question, as the case comes before us, is whether she waived her paramount lien by joining with her husband in the said mortgage. Upon two considerations it seems very clear to us that she is not estopped.

1st. It is not questioned, as the written application for the loan made by Burwell J. Curry shows, that the loan was to him individually. He was the legal owner of the lands, and they were mortgaged, as his property, to secure the loan. To perfect the security it was necessary that the wife release her dower, and sign the conveyance so as to bar the husband's homestead. Section 1894 of the Code of 1886, provides how dower may be relinquished. It provides that the wife may relinquish her dower in land by joining with her husband in a conveyance thereof, or by joining with her husband in a power of attorney authorizing the attorney to convey the lands, or subsequently to a conveyance thereof by the husband, by a separate instrument executed by her alone; and in either case, her signature must be attested by two witnesses who are able to write, or acknowledged by her according to the form prescribed for the acknowledgment of other conveyances in this State; and section 1899 provides, that "Neither the wife individually, nor

her separate estate, is bound by the covenant of warranty
contained in any deed conveying land belonging to the
husband, executed by such wife in connection with her
husband; but such deed shall have the effect only of a
relinquishment of dower, unless there be in the deed a
special covenant of the wife, expressing her intention to
bind her separate estate." Under these provisions,
there would seem to be no room for doubt that no effect
can properly be accorded to the execution of the mort-
gage by Mrs. Curry jointly with her husband, other
than the relinquishment of dower, and effectuate a valid
alienation of the homestead. In legal effect, she is not
a covenantor in the covenants of seizin, warranty and
against encumbrances, contained in the instrument.
Those covenants proceed from, and bind, the hus-
band alone. Such is not only the provision of the
statute, above copied, properly construed but it
was so held upon general principles of law, inde-
pendently of an expressed statutory provision. In *Gon-
zales v. Hukil*, 49 Ala. 260, we said: "The joint convey-
ance of land by husband and wife, as his property, does
not estop the wife from setting up a title subsequently
acquired. She is not *sui juris*, except to relinquish her
dower," citing Tyler on Inf. & Cov., 316; *Jackson v.
Vanderheyden*, 17 Johns. 167; *Teal v. Wordsworth*, 3 Paige
Chan. 470. Relinquishment of the dower, and of the
homestead, being then the sole purpose and effect of the
wife's joining in the instrument, there can be neither
conveyance by warranty nor quitclaim, by virtue of such
a deed, of any right or interest held by her, other than
dower, in the premises conveyed. To have the contrary
effect, there must, at least, be a special stipulation on
the part of the wife, expressly showing an intention on
her part to part with her interest in the land. The in-
debtedness of Mr. Hammond to complainant and the
trust created for its security, was the statutory separate
estate of Mrs. Curry, governed by the statute laws of
Alabama, then in force, as distinguished from a separate
estate by contract, known at the common law, and which
was not displaced by the statutory system then obtain-
ing. Such was the status of the estate until the new
married woman's law of February, 1887, was enacted,
which wrought very material changes in the old law.
The transactions involved in the present controversy

having taken place prior to the enactment of the new law, the rights of the parties are governed by the old. Perhaps no subject of our Code of statute law underwent more frequent exposition by this court than the old married woman's law above referred to; and one principle settled by an unbroken line of our decisions, during the long period of the law's existence, is, that a mortgage made by a married woman, with or without her husband, of her statutory separate estate (except for the purpose of securing purchase money of the land mortgaged) was null and void, inoperative as a conveyance at law, or an estopel in equity. This principle is too well understood in this State to be now discussed. We are referred to the case of *Wilder v. Wilder*, 89 Ala. 414, and it is insisted for appellee that the decision there is authority for the proposition that the mortgage in which Mrs. Curry joined, operates to estop her to assert her equity. We do not so understand the case. Indeed, Judge Somerville, in delivering the opinion, fully recognizes the principle we mention. After showing that a deed of a married woman of her statutory separate estate, not executed in conformity to statutory authority, is a nullity as a conveyance, he proceeds upon the subject of estoppel, to use this language: "The reasons upon which these decisions rest is that the statute prescribes and restricts the mode of alienation by married women of their separate estates; and to allow title to be conferred by equitable estopel would introduce a new mode of alienation different from that thus prescribed, and would result in sanctioning indirectly the conveyance by *femes covert* of their property when they were prohibited by statute from doing directly the same act in the mode attempted." Several of our decisions are cited. There is nothing in the opinion evincing the least purpose to overturn this doctrine or the decisions which support it. The case was withdrawn from its operation by its peculiar facts. Mrs. Wilder and her husband, in pursuance of the statute, sold a tract of land to Sydney T. Wilder, for part cash and part on time. The deferred purchase money constituted, if not legally waived, a vendor's lien on the land in favor of Mrs. Wilder. To enable the purchaser to borrow the money of a loan company with which to make the cash payment, it was agreed by all parties that the company should take a paramount

mortgage on the land to secure the loan, and that Mrs. Wilder should take a second and subordinate mortgage to secure the deferred purchase money, thus waiving her vendor's lien in favor of the loan company.   She afterwards filed her bill to assert a paramount lien as vendor, and the question was whether she was estopped.   The court, holding that she was, placed its decision upon the ground that, by the statute, a married woman, by the joint deed of herself and husband, could lawfully make absolute sale of her separate property; that this power carried with it authority to sell on credit, and secure the payment of the purchase money by such means as the parties might agree upon; and, therefore, as an incident to the power to sell, it was competent for the wife, to enable the purchaser to raise the money to make the cash payment to her, to accept a second mortgage in lieu of the retention of her paramount lien as a vendor; and this having been done she was denied relief.   It is manifest there is nothing in common between that case and the present.   Then, if it were conceded that the mortgage in question could be treated as the deed of Mrs. Curry, purporting to convey, by warranty, the land, as her property, and not, on its face, a mere relinquishment of dower and homestead, its utter invalidity, under the statute, must necessarily be pronounced.

There is, in the covenants of this mortgage, no element of misrepresentation of fact, as suggested by counsel, upon which the mortgagee was induced to rely, which renders Mrs. Curry's repudiation of them, if they had proceeded from her, *tortious* in its nature.   They (those referred to by counsel) are the covenants of seizin, warranty of title and against incumbrances usually found in deeds and mortgages of real estate, and are purely contractual in their nature.   It has never been supposed that the breach of one or all of these covenants, influenced by no other misrepresentation of fact, constituted a fraud on the part of the covenantor which justified dealing with him as a tort feasor.

The chancellor's decree was not in accord with our views and must be reversed.   The cross bill of the defendant company, to marshal the assets was dismissed by the chancellor, and there is no cross appeal; hence, that matter is not before us.   A cross bill is essential to obtain the relief sought.   The dismissal was, however,

without prejudice and we will remand the cause that the defendant company may, if so advised, refile its cross bill, and, if the facts justify, have the assets marshalled. We have given no consideration to the merits of that branch of the case, and do not intimate that the present record makes a case for the relief sought by the cross bill. The chancellor will, on the hearing, render a decree establishing the superiority of complainant's lien, and decreeing her appropriate relief, and, if the pleadings and proof then so require, let the assets be so marshalled as that justice will be done.

Reversed and remanded.