# Wheeler v. Aycock.

### Statutory Action of Ejectment.

*1. Mortgage, with covenants of warranty, of undivided interest in land;
after acquired title.*—Where the owner, one of four heirs, of an undi-
vided one-fourth interest in a tract of land conveyed by mortgage,
with covenants of seizin and warranty, "all her interest, either in fee
simple or expectancy or remainder," therein, and afterwards, with
funds received from the estate of her ancestor, purchased the entire
tract at a sale by the administrator of the estate of her ancestor,
only the after-acquired title to an undivided one-fourth interest, and
not the title to the remaining three-fourths interest, passes, by force
of the covenants, to the mortgagee, or a purchaser from him at a
foreclosure sale.

APPEAL from the Circuit Court of Lawrence.
Tried before the Hon. H. C. SPEAKE.

[Wheeler v. Aycock.]

The opinion states the nature of the case and the material facts.

The court, in its general charge to the jury, instructed them as follows : "I charge you, gentlemen of the jury, as a matter of law, in this case, that the plaintiff is entitled to recover one-fourth of the land sued for, and the defendant cannot defeat a recovery except as to three-fourths of the land sued for." The defendant excepted to this portion of the court's general charge. The plaintiff requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked : (1) "In ascertaining the value of the rent or occupation, the jury must estimate the value of the rent of the property for each year, which they add together, and they will then deduct the cost of the improvements from such aggregate sum." (2) "It being admitted that the defendant went into possession of the land in February, 1887, and that he fenced the land, and prepared it for cultivation, the jury will determine, from the evidence, the amount of rent for the year 1887, and add interest from January 1, 1888 ; also, the rent for the year 1888 ; and add interest from January 1, 1889 ; also, rent for the year 1889, and add interest from January 1, 1890 ; also, the rent for the year 1890, and add interest from January 1, 1891 ; also, the rent for the year 1891, and add interest from January 1, 1892 ; also, rent for the year 1892, and add interest from January 1, 1893," (3) "It being admitted that defendant went into occupation of the land in February, 1887, and that he then fenced the land, and prepared the land for cultivation, the jury will estimate the rent by the usual price for renting land under such conditions, and they will estimate the rent for each of the years 1887, 1888, 1889, 1890, 1891, and 1892, to which they will add interest for the rent of each year from the time the rent was due." (4) "In estimating rents, the jury must find from the evidence what the rent of the 40 acres of land would be for the years 1887, 1888, 1889, 1890, 1891, and 1892, if rented to the occupant, on condition that the occupant was to fence the land and prepare it for cultivation." The court, at the request of the defendant, gave to the jury the following written charges, and to the giving of each of these charges the plaintiff separately excepted : (1) "I charge you, gen-

tlemen of the jury, that, under the proof in this case, the doctrine of after-acquired title does not apply ; and, if you find, from the evidence, that Mary Branch only had one-fourth interest in the land sued for when she gave the mortgages to Joseph Wheeler, and, after the execution of the mortgage, she purchased said lands under a decree from the chancery court of the county. Wheeler nor those holding under him would be entitled, under said mortgage, to the land so bought under said decree." (2) "I charge you, gentlemen of the jury, that, if the plaintiff is entitled to recover any of the land sued for in this case, it is only one-fourth interest in the land sued for." The defendant also requested the court to give the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked : (4) "I charge you, gentlemen of the jury, that, under the proof in this case, the plaintiff is not entitled to recover more than one-fourth of the land claimed in this action, and the proof further showing that the plaintiff and defendant are joint owners in the land sued for, the plaintiff can not recover, and your verdict should be for the defendant." (5) "If the jury believe the evidence in this case, they will find for the defendant." There were verdict and judgment for the plaintiff for the one-fourth interest in the land sued for. The plaintiff appeals, and assigns as error the several rulings excepted to by her.

JOSEPH WHEELER, for plaintiff.

S. T. WERT, for defendant.

McCLELLAN, J.—The mortgage of April 27, 1874, executed by Mrs. Branch to Joseph Wheeler, in terms conveyed "*all* the interest" of the mortgagor, "either in fee simple or remainder, in the * * * * southwest quarter of the south-east quarter of section 29," * * * * to the mortgagee, and recites, after describing, and in like manner conveying, many other parcels and tracts of land, "the object of this conveyance is to convey to the said Joseph Wheeler all my interest in . fee simple or in remainder, whether legal or equitable, in all lands in which I have any interest whatever, whether above described or not, and I hereby declare this conveyance

shall include all lands in which I have any interest situated, lying and being in Lawrence county and State of Alabama.'' This instrument contains also a covenant of seizin and right to convey, in fee or remainder, in a warranty of title to ''the aforegranted property,'' and a further covenant ''to defend the same from the lawful claims of all persons whatsoever.'' By a mortgage executed on August 30, 1877, Mrs. Branch conveyed to Joseph Wheeler ''all her interest either in fee simple or expectancy or remainder in the lands inherited by her from her father, Paul J. Watkins, said lands being situated in the county of Lawrence and the State of Alabama, and in township 4, range 6, from Huntsville west, and more particularly described, in whole or in part, as follows : * * * * * * * the S. W. ¼ of S. E. ¼ of Sec. 29, * * * * to have and to hold,'' &c., &c.; ''and,'' the conveyance continues, ''I hereby covenant with the said Joseph Wheeler that I am seized in fee of a one-fourth interest in the aforegranted property, above described, and I do hereby warrant, the title to the aforesaid lands and agree forever to defend the same from the lawful claims of all persons whatsoever.'' This mortgage, it appears, was given for an additional advance and for additional security for four mortgages executed in various amounts after the mortgage of April 27, 1874, and prior to this one of August 30, 1877. Both these mortgages—of April 27, 1874, and August 30, 1877—contained powers of sale on default of payment of the amounts secured by them; and on September 26, 1881, no part of the money secured by them having been paid, they, as also said other four mortgages, were foreclosed, by a sale under the power, and Richard Jones, since deceased, became the purchaser at the sale, paid the purchase money to the mortgagee, and the latter executed to him a deed which may have been intended to cover and convey the mortgagor's title in and to the lands embraced in the mortgage, but which in terms conveys only the south-west quarter of the forty acres described in the mortgage as being the S. W. ¼ of the S. E. ¼ of Sec. 29, &c., &c. Mrs. Ella Wheeler succeeded by descent to the title thus acquired by Richard Jones, and upon this title brought this statutory action for the recovery of possession of said south-west quarter of the

south-east quarter of section 29, Township 4, Range 6, west.

At the time of the execution of the several mortgages by Mrs. Branch to Joseph Wheeler, and at the time of the sale and conveyance thereunder to Richard Jones, Mrs. Branch owned an undivided one-fourth interest in this parcel of land in common with the three other heirs of Paul J. Watkins, deceased, to whom the land had belonged in his lifetime. In the administration of his estate, it had been ordered in January, 1874—prior to the first of the mortgages—that the administrator retain 1140 acres of the land belonging to the estate, and including this parcel, "for the purposes of equalizing by sale or otherwise, as may be necessary, the advancement accounts amongst the heirs, and to pay off all such liabilities as shall be ascertained to be justly charged against said estate." It was ascertained that Mrs. Branch had "received $1010 less than her share, and that the estate owed her $1010, which was due her in addition to her one-fourth interest in the estate." And in 1885—after the foreclosure of the mortgages and the purchase by Richard Jones—a decree was rendered for the sale of the tract of land thus reserved for the equalization of advancements, wherein it was ordered that Mrs. Branch or her assignee "may bid at said sale to the amount of her claim against said land [that is the amount due her in equalization of advancements], without paying any money or executing notes." At this sale Mrs. Branch purchased one hundred and sixty-three acres of land, including the parcel here in suit, paid for it by crediting the amount bid on the sum due her from the estate on advancement accounts, and on January 15, 1886, received the register's deed, conveying it to her. On February 17, 1887, she conveyed this parcel, the S. W. ¼ of S. E. ¼ Sec. 29, Township 4, range 6, west, to W. R. Aycock, the defendant here, by warranty deed.

On these undisputed facts, the main question arising on the trial below was whether the plaintiff was entitled to recover the whole of the 40 acre parcel, or only an undivided one-fourth interest in it. The Circuit Court held to the latter view of this question, and we concur therein, leaving out of consideration in this connection the fact that the deed from the mortgagee to Richard

Jones, which is one link in plaintiff's title, embraces and purports to convey only ten of said forty acres. The mortgages, in our opinion, cover only Mrs. Branch's interest in the land in question as it existed at the time they were executed. The only title she then had was to a one-fourth undivided interest in this 40 acres parcel, as the heir-at-law of Paul J. Watkins, deceased; and this was her sole interest "either in fee simple or in expectancy or in remainder," and even this interest was open to interception by the representative of her ances-tor for the purposes of administration. Still she had title, defeasible in this way, to this undivided one-fourth interest, and this she sold to Joseph Wheeler, and this only the mortgages purport to convey to him, as we read and construe them. Having undertaken to convey this interest, with covenants of seizin and warranty of title, &c. &c., and having subsequently by purchase acquired an indefeasible title to it, that title, by force of the covenants, passed *eo instanti* into her grantees claiming under and through the mortgages. And this is the operation of the doctrine of after acquired title passing to a grantee, upon which the appellant relies. After acquired title to the land, or interest in land, intended to be and in fact covered by a conveyance, enures to the grantee in the conveyance. But this is not to say, by any manner of means, that where one, after a conveyance of a certain interest in land, acquires title, not only to that interest, but also to all other interests in the property, the title to such other interests, as also that to the interest covered by the instrument, passes to the grantee. Had Mrs. Branch owned say the south-west quarter of this forty acre lot in severalty, and conveyed it by those mortgages, it would not be insisted for a moment that upon a subsequent purchase by her, even with funds received from the estate of the ancestor from whom she inherited the ten acres, of the remaining thirty acres, it too would have passed under the mortgages. And yet the mortgages would no more cover the outstanding three-fourths undivided interest in the one case than the outstanding three-fourths interest in severalty in the other. So it is obviously of no consequence that she purchased the three-fourths interest with funds which she received from the estate of her father. This money was not land, and had she kept it, instead

of buying land with it, the mortgagee would have had no claim upon it. If she had purchased lands from a third person, the mortgagee would have had no claim upon them. And even had such third person, instead of herself, bought this three-fourths interest at the sale for the equalization of advancements, and then resold it to her, it is not conceivable, and would not, we apprehend, be contended, that the title thus acquired would enure to the mortgagee. And we are unable to see that the fact that she herself purchased at the sale could make any possible difference. The infirmity in appellant's position lies in the unwarranted assumption that this three-fourths interest, which was at the time vested defeasibly in the other heirs of Paul J. Watkins, was embraced in the mortgages at all, or intended to be. And upon this assumption the several charges refused to the plaintiff were asked, and upon the hypothesis of its soundness alone would they have been correct expositions of the law. The assumption being gratuitous and ill-founded, the Circuit Court properly refused the instructions in question.—*Howze v. Dew*, 90 Ala. 178, and authorities there cited. And upon the same considerations we hold the exceptions taken by the plaintiff to charges given by the court to be without merit.

By consent of the appellant, plaintiff below, the appellee, defendant below, has also assigned errors on this record, under Rule 3, p. 800 of Code. The defendant excepted to that part of the court's general charge which was in the following language: "I charge you, gentlemen, as a matter of law in this case, that the plaintiff is entitled to recover one-fourth of the land sued for, and the defendant cannot defeat a recovery except as to three-fourths of the land sued for." As we have seen, the plaintiff, Mrs. Ella Wheeler, derives her title through the conveyance by Joseph Wheeler, the mortgagee of Mrs Branch, to Richard Jones, who purchased at the foreclosure sale. Now this conveyance recites the sale of only one-fourth of the land sued for—not the sale of a one-fourth interest in this land, but of one-fourth of the land itself. The suit is for the S. W. ¼ of S. E. ¼ of Sec. 29. We have held that the mortgages covered only a one-fourth undivided interest in this forty acres, and, of course, in each acre of the forty. Had the conveyance to Jones purported to cover this

parcel in its entirety, it would yet have passed only an undivided fourth interest in it. It in fact purports to cover and convey only ten acres of the forty, and as a three-fourths undivided interest in this ten acres is not covered by the mortgages and did not pass to Jones, the latter had title to only a one-fourth undivided interest in ten acres of the land sued for, and the plaintiff, succeeding to Jones' title, was entitled to recover only a one-fourth undivided interest *in one-fourth of the land sued for*, and not a fourth interest in the land sued for, as stated in that part of the charge to which defendant excepted. This charge was also at fault in going on to the effect that the defendant could not defeat a recovery except as to three-fourths of the land sued for, when the evidence shows that plaintiff had title to only one-fourth *of one-fourth*, or one sixteenth undivided interest, and the defendant had title to the remaining fifteen-sixteenths, and was entitled to defeat a recovery as to fifteen-sixteenths, instead of three-fourths. The other exceptions reserved by the defendant are without merit.

On the appeal in chief we find no error. On the cross assignment of error by the defendant below, the judgment must be reversed. The cause is remanded.

## On Rehearing.

On an application for rehearing in the cause of *Aycock v. Wheeler*, on cross appeal, it was made to appear that the deed from Joseph Wheeler to Richard Jones, through which plaintiff claims the title upon which she sues, had been miscopied in the transcript, in respect of the description of the land. For this reason the submission was set aside, and a *certiorari* awarded for a correct transcript of said deed. That is now with the record, and shows that the description called for the south-west quarter (S. W. ¼) of the south-east quarter (S. E. ¼) section 29, &c., instead of the south-west quarter of the south-west quarter of the south-east quarter (S. W. ¼ of S. W. ¼ of S. E. ¼) of said section, as appeared by this deed in the original transcript. This correction of the transcript of the deed emasculates the errors apparent upon the original transcript, and for which alone there

[Waite, LaFils & Co. v. Corbin.]

was a reversal on the cross assignments.    The result is that the judgment on each appeal must be
Affirmed.