# Hollingsworth *v.* Hill.

*Action of Assumpsit.*

1. *Husband and wife; efficacy of payment of husband's debt with wife's money.*—The payment by the wife of a debt of the husband, with money belonging to her separate estate, is not the making of a contract by the wife, within the provisions of section 2346 of the Code of 1886, authorizing her to contract in writing with the assent of her husband expressed in writing; but is a disposition of the wife's personal effects, which, under the provisions of section 2348 of the Code of 1886, may be made by the husband and wife by parol, or otherwise.

2. *Same; same; estoppel.*—Where the husband assumes to apply his wife's money, without her co-operation, to the payment of his own debts, and subsequently the wife and husband, with full knowledge thereof, unite in ratifying such application, such payment is efficacious, and the wife is estopped to recover back such money from her husband's creditors, who were so paid.

APPEAL from the Circuit Court of Pickens.

Tried before the Hon. S. H. SPROTT.

This was an action for money had and received, brought by the appellant, Mrs. G. J. Hollingsworth, against the appellee, S. H. Hill.

The plaintiff introduced in evidence the following receipts : "May 12, 1891. Received from Jno. Hollingsworth, fifty dollars, on deposit. S. H. Hill." "Received from Mrs. G. J. Hollingsworth, one hundred dollars to lend on good security for her. S. H. Hill." John Hollingsworth, the husband of the plaintiff, testified that as the agent of his wife, he left with the defendant, each of the sums of money as stated in the receipts above copied, and that this money was the property of his wife. The plaintiff testified to substantially the same facts.

The evidence for the defendant was to the effect that after the money, for which the receipts given, was left with him, he, at the instance of the husband of the plaintiff, applied the same to the payment of a debt, which said John Hollingsworth owed him, the defendant, and that after such application of the money, the plaintiff and her husband, with full knowledge thereof,

[Hollingsworth v. Hill.]

consented to such application of the money. The plaintiff objected to the testimony of the defendant tending to show this ratification by the plaintiff of the application of her money to the payment of her husband's debts, because such agreement or consent was void and inoperative as against the statute of frauds, and because it tended to show a suretyship for the husband by the wife, and because such assent or concurrence was not shown to have been in writing. The court overruled this objection, and the plaintiff duly excepted.

Upon the introduction of all the evidence, the plaintiff requested the court to give to the jury the following written charge, and duly excepted to the court's refusal to give the same : "If you believe the evidence, as to the one hundred dollars you will find for the plaintiff, less $29.25 off-set admitted, and interest thereon."

There were verdict and judgment for the defendant. The plaintiff appeals, and assigns as error the rulings of the court upon the evidence, the refusal to give the charge requested by him, and the rendition of judgment for the defendant.

DANIEL COLLIER, for appellant, cited *Jordan v. Garnett*, 3 Ala. 610 ; *Westmoreland v. Porter*, 75 Ala. 452 ; *Trammell v. Hudmon*, 78 Ala. 222 ; *Strauss v. Glass*, 108 Ala. 547 ; *Strouse v. Leipf*, 101 Ala. 444 ; *Mitchell v. Mitchell*, 101 Ala. 185 ; *Stout v. Kinsey*, 90 Ala. 546 ; *Williams v. Auerbach*, 57 Ala. 90 ; *Duncan v. Freeman*, 109 Ala. 186.

E. D. WILLETT, *contra*.

McCLELLAN, J.—The payment by the wife of a debt of the husband with money belonging to her separate estate is not the making of a contract by the wife within section 2346 of the Code of 1886, but is a disposition of personal effects of the wife within section 2348. The wife and the husband jointly may apply her money to the payment of a debt, by parol or otherwise, and it is of no consequence that the debt is that of the husband. If the husband assume to make such application without the wife's co-operation, but the latter, after the payment has been so made, conjointly with the husband

ratifies and confirms the application, it is as efficacious as if made in the first instance by them jointly, since whatever one may lawfully do, one, the act being done, may lawfully ratify.

If the jury believed the evidence of the defendant, that having $100 of the wife's money on deposit, he applied it by direction of the husband to the payment of a debt which the latter owed him, and after such application, the wife and husband with full knowledge united in ratifying the same, the plaintiff was not entitled to recover the money back from him.

All the rulings of the court challenged by appellant's brief were in harmony with the foregoing views; and the judgment must be affirmed.

Affirmed.