# Prior v. Loeb & Bro.

## Statutory Action of Ejectment.

1. *Estoppel of married woman; warranty.*—A covenant of warranty
in the joint deed of husband and wife to lands as the prop-
erty of the husband, when neither has any interest in the
lands, is not binding upon the wife, so as to pass her after
acquired title.

APPEAL from Pike Circuit Court.

Tried before Hon. J. M. CARMICHAEL.

The bill of exceptions describes the conveyance upon
which the appellant, defendant below, relies as passing
the after acquired title of the wife, by way of estoppel
under her covenants of warranty, as follows: "On the
19th day of December, 1889, J. T. Prior and Ella Prior
executed a deed to W. W. Prior to the land in contro-
versy, reciting a consideration of four hundred dollars
to them in hand paid by W. W. Prior, and with the fol-
lowing covenants of warranty, to-wit: 'And we do cov-
enant with the said W. W. Prior, his heirs and assigns,
that we are lawfully seized in fee of the aforesaid prem-
ises; that it is free from all incumbrances; that we have
a good right to sell and convey the same to the said W.
W. Prior, his heirs and assigns, and that we will war-
rant and defend said premises to the said W. W. Prior,
his heirs and assigns forever against the lawful claims
of all persons. In witness whereof, the said J. T. Prior
and Ella Prior have hereunto set their hands and seals
this the 19th day of December, 1889. (Signed) J. T.
Prior, Ella Prior.'" The other facts are stated in the
opinion. The court gave the general affirmative charge
for plaintiff and refused a like charge requested in writ-
ing by defendant. These rulings of the court are as-
signed as error.

WORTHY, FOSTER & CARROLL, for appellant.—The deed
under which appellant claims is the joint deed of hus-
band and wife, neither having title to the lands, and not
the deed of the husband to his lands in which the wife
joins, and is not within the statute on covenants. Be-

fore the present married woman's law her covenant of
warranty was void because she had no power to bind
herself by a covenant.—49 Ala. 260; 89 Ala. 416. Not
so under the present married woman's law.—Code 1886,
2346. In all cases where a party is bound by the cove-
nant in a deed, that party is bound by the principle of
estoppel by deed.—*Doolittle v. Robertson,* 19 So. 851;
*Oglesby Coal Co. v. Pasco,* 79 Ill. 164-169; 1893 Amer.
Annual Digest, p. 1835-24; 1892 *Ib.* p. 1843-24; *Wadkins
v. Watson,* 21 S. W. 138; *Sandwich Mfg. Co. v. Pellener,*
21 N. W. 379; *Knight v. Thayer,* 125 Mass. 25; *Nash v.
Spofford,* 43 Amer. Dec. 425. Section 2348, Code of 1886
does not impair the effect of covenants entered into un-
der Sec. 2346.—*Knox v. Childersburg,* 86 Ala. 182-183.

R. L. HARMON, *contra.*—The case of *Gonzales v. Hukil,*
49 Ala. 260, is directly in point. The principle by which
subsequently acquired title inures to the benefit of a
former grantee with covenants of warranty in his deed,
is a mere fiction of the law enforced to promote justice
and right and will never be made use of to promote dis-
honesty and wrong. A deed from parties, therefore,
of third parties having no notice at the time of acquir-
ing their rights.—Bigelow on Estoppel, (5th Ed.) pp.
44, 441; Wade on Notice, 288 and 296; 91 Ala. 18; 71
Ala. 91; 68 Ala. 248; 75 Ala. 229.

COLEMAN, J.—The appellees instituted the statu-
tory action of ejectment. J. T. Prior owned the lands in
controversy, and he and his wife, on the 27th day of
April, 1880, executed a mortgage with covenants of war-
ranty, to G. C. Collier & Son. This mortgage was regu-
larly foreclosed by a decree of the chancery court in No-
vember, 1888, and at the sale G. C. Collier became the
purchaser and acquired the title. On December 5th,
1890, G. C. Collier and wife executed a mortgage on the
same lands to The Troy Fertilizer Company, which mort-
gage by apt words to convey the legal title, was trans-
ferred to J. Loeb & Bro., plaintiffs. In December, 1889,
J. T. Prior and his wife Ella Prior conveyed the same
lands to the defendant, W. W. Prior, with covenants of
warranty. It will be seen from the foregoing statement
of facts that at the time of the execution of the deed by
J. T. Prior and Ella Prior, his wife, to W. W. Prior,

neither of the grantors owned any interest in the land.

In June, 1896, J. Loeb & Bro., who by foreclosure of the mortgage transferred to them had become invested with the legal title to the land, executed a conveyance with covenants of warranty to Ella Prior, wife of J. T. Prior, and subsequently and before the bringing of the suit, she reconveyed the lands to J. Loeb & Bro.

We have stated the titles of both plaintiffs and defendant. The only ground of contention is, that the deed by J. T. Prior and Ella Prior executed in 1889 to W. W. Prior, the defendant, being a deed with covenants of warranty, the subsequent deed of J. Loeb & Brother to Ella Prior enured to the benefit of their vendee, W. W. Prior. Section 1514 of the Code of 1896 is as follows: "Neither the wife individually, nor her separate estate is bound by the covenant of warranty contained in any deed conveying land belonging to the husband, executed by such wife in connection with her husband; but such deed shall have the effect only of a relinquishment of dower, unless there be in such deed a special covenant of the wife, expressing her intention to bind her separate estate." This section was construed in *Curry v. Land Mortgage Co.,* 107 Ala. 429, in which the case of *Gonzales v. Hukil,* 49 Ala. 260, was quoted from and cited with approval. We fail to discover any distinction in the principle declared in these cases and the one applicable in the present case. Although the present married woman's law was not in existence at the rendition of the first opinion, the statute limiting and regulating the legal effect of the covenants of warranty of a married woman, who joins with her husband in the execution of such a deed, was the same. The principle declared in the *Gonzales* case, is directly applicable to the facts of the present case.

We find no error in the record.