## LINDSEY LUMBER & EXPORT CO. v. DEAS.

### I Div. 860.

Supreme Court of Alabama.
March 21, 1935.

Rehearing Denied April 25, 1935.

Further Rehearing Denied June 4, 1935.

Adams & Gillmore, of Grove Hill, for appellant.

F. E. Poole, of Grove Hill, for appellee.

GARDNER, Justice.

Statutory action of ejectment. Defendant claims only the right to the timber on the land sued for, and by agreement of counsel the cause proceeded to trial upon that basis.

Plaintiff (appellee) is the daughter of J. W. Griffin, who became the purchaser at tax sale, receiving a deed thereto in 1902, at which time he entered into possession under claim of ownership, which possession continued to the time of his death in 1915. Under the undisputed proof, his title by adverse possession had become perfected at the time of his death, and such possession was continued by his heirs thereafter. Plaintiff, as the heir of J. W. Griffin, inherited one-fourth interest in the property.

There is nothing in section 6069, Code of 1923, which militates against plaintiff's prima facie title to such interest by reason of failure of J. W. Griffin to have his tax deed placed on record.

In March, 1922 (and while plaintiff's title stood as the one-fourth undivided interest in the land), a deed was executed by "Lester Deas and wife, Linnie Deas" to J. D. Gerald and John Morris, purporting to convey all standing timber on the following described lands situated in Clarke county, Ala.: "The South half of South-West quarter of North-East quarter; the North-West quarter of South-East quarter, and all of the South-West quarter, lying East of Satilpa Creek, all in Section 25, Township 9 North, Range 1 West, and containing 120 acres, more or less."

There was the general acknowledgment by "Lester Deas and his wife, Linnie Deas," and the separate acknowledgment of Linnie Deas, the wife. Defendants derive title through the grantees in the above-noted deed. Previous to the execution of said deed, and in 1921, W. W. Griffin and wife executed a deed to Lester Deas, husband of plaintiff, purporting to convey an one-fourth interest in the "South half of South-West quarter of North-East quarter, North-West quarter of South-East quarter and sixty acres in South-West quarter, East of Creek, all in section 25, Township 9, Range 1 West, containing in all 120 acres," situated in Clarke county. It appears that Lester Deas was claiming an interest in some of the land sued for, but the above-described deed purports to also convey to him interest in other lands not involved in this litigation, and which other lands were embraced in the deed of Lester Deas and wife, Linnie, to Gerald and Morris executed in 1922. This deed to Lester Deas was not offered for the purpose of showing title, but merely to show his claim of ownership, a circumstance to be considered. For this limited purpose, we think it admissible, even conceding that as to the land here involved, it was too indefinite in description, in view of the fact that there were 85 acres in the southwest quarter east of the creek, to pass title, under the cited authority of Wilkinson v. Roper, 74 Ala. 140.

In March, 1925, the other heirs of J. W. Griffin conveyed to Linnie Deas all that portion of southwest quarter lying east of Satilpa creek in section 25, the land here involved.

The deed of March, 1922, executed by Lester Deas and wife, Linnie Deas, contained covenants of warranty as to title, and defendants insist that by reason of such covenants of warranty the title subsequently (in 1925) acquired by Linnie Deas from the other J. W. Griffin heirs inured to their benefit, by a species of estoppel, under the authority of Cobbs v. Union Naval Stores Co., 202 Ala. 333, 80 So. 415; Porter v. Henderson, 203 Ala. 312, 82 So. 668; Wheeler v. Aycock, 109 Ala. 146, 19 So. 497; Curry v. American Freehold Land Mortgage Co., 107 Ala. 429, 18 So. 328, 54 Am. St. Rep. 105; Stewart v. Anderson, 10 Ala. 504; Hollingsworth v. Hill, 116 Ala. 184, 22 So. 460; 10 R. C. L. 741.

But other considerations, we think, are here effective, which render the principle recognized in these authorities as inapplicable under the situation here presented.

■ Plaintiff testified, over defendants' objection, that when the deed of March, 1922, was executed, she did not know the grantees therein, and had never had any communication with them in regard to a sale of any interest in the land.

The question arises as to the character of plaintiff's participation in the execution of this deed. Was she a grantor as to all the land equally with her husband, or did she join to convey only her one-fourth interest and her dower interest in the land claimed by the husband? The question is one of intention of the parties, to be gathered from a consideration of the entire instrument, and in the light of all surrounding circumstances. 18 Corpus Juris 273; 18 Corpus Juris 253–54; Nettles v. Lichtman, 228 Ala. 52, 152 So. 450, 91 A. L. R. 1455.

This proof was not contradictory of the writing, but furnished a circumstance to be considered in determining the intention of the parties. It was not improperly admitted. As to any lands of the husband or any interest claimed by him in the lands involved, the signature of the wife is only for relinquishment of dower, and by express provision of our statute (section 7436, Code, 1923) she is not bound by any covenant of warranty (Curry v. American Freehold Land Mortgage Co., 107 Ala. 429, 18 So. 328, 54 Am. St. Rep. 105; Gonzales v. Hukil, 49 Ala. 260, 20 Am. Rep. 282; 13 R. C. L. 1325, 1326), not fettered by any theory of estoppel from subsequently acquired title thereto. The trial court, in the instant case, concluded, and so held, that by the wife's signature she passed her one-fourth interest which she then owned, and that any covenant as to warranty of title as to her could only have reference to such interest, but that otherwise the wife merely joined in the deed of the husband to relinquish her dower, and was therefore not further bound by any warranty of title or estoppel to afterward acquired title to the land. The court therefore confined the recovery of the wife to a three-fourths interest, and of this, of course, defendants cannot complain.

■ As to the other, we are persuaded the holding was justified under the facts and circumstances—all being undisputed. The husband claimed an interest in some of the land here involved, and purported to convey other land in the same deed presumably claimed also by him. The wife had no conversation or transaction with the grantees, and did not know them. She had no interest beyond her one-fourth interest as hereinbefore noted. The deed and all surrounding circumstances clearly indicate the deed is one by the husband with the wife joining to relinquish dower, except as to her one-fourth interest.

The questions of prime importance argued by counsel have been herein treated. We find nothing in the few remaining matters that call for discussion. It results that no reversible error is made to appear, and that the judgment will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.

## On Rehearing.

Appellant, on its application for rehearing, insists that, conceding the correctness of the legal principle recognized in the opinion, nevertheless a jury question was presented.

While it is the duty of the court to construe deeds and determine their legal effect, yet the authorities recognize the further rule that in some instances the interpretation may depend upon the sense in which the words are used, and upon facts aliunde, and so present a mixed question of law and fact, and that the determination of the matters of fact are properly submitted to the jury. 18 Corpus Juris 272.

And in Humes v. Bernstein, 72 Ala. 546, our court observed: "This is done by a hypothetical charge, stating the result, if certain facts are found to be proved. The jury passes on the parol testimony, and determines what facts are proved. The court must determine what influence such facts, if found to exist, must exert, in interpreting the writing. The court thus interprets the writing, aided by the surrounding facts which the jury find to be proven."

It may be seriously questioned that the mere statement in her testimony by the plaintiff that she and her husband set up no claim as tenants in common, rightly interpreted, in the light of all of her testimony, would suffice for this purpose. But we find a determination of this question unnecessary, and it may therefore be left to one side. This for the reason that, upon more mature deliberation, we have reached the conclusion that the case of Prior v. Loeb, 119 Ala. 450, 24 So. 714, is decisive of this case adversely to defendant's contention. At the time of the execution of the conveyance there in question, the title to the realty was in neither husband nor wife. The above statute (then section 1514, Code 1896) was quoted and applied, and the decision was evidently rested upon the theory that said statute is to be properly construed as relieving the wife of the binding effect of any covenants of warranty in a deed executed by herself and husband, so far as the same purports to convey real estate in which, at the time, the wife has no title or interest, or to which she asserts no claim. As thus interpreted, the statute has been re-enacted without material change, and such construction must be accepted as a part thereof. As thus construed, this statute, under the undisputed facts, is here applicable, and, all other questions aside, fully sustains the ruling of the trial court.

The application is denied.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.