STATE OF MINNESOTA *vs.* PATRICK WILLIAMS.

December 18, 1884.

Fraudulent Sale of Mortgaged Chattels—Indictment held to charge but One Offence.—Indictment under Gen. St. 1878, c. 39, § 14, for a fraudulent sale of mortgaged personal property. *Held,* that an allegation that the defendant sold and disposed of the property to one A. B., and divers other persons, whose names were to the grand jury unknown, charges only one offence.

Indictment—Reference to Copy of Mortgage Attached as an Exhibit. —The indictment alleged that defendant executed a mortgage, "of which a true copy is hereto attached, marked 'Exhibit A,' and hereby made a part hereof." A copy of the mortgage thus marked was attached. *Held,* that while the practice of attaching an instrument as an exhibit, instead of incorporating it into the body of the indictment, is a loose and objectionable practice, not to be encouraged, yet upon demurrer the exhibit must be deemed a part of the indictment.

Same—"Having Conveyed by Mortgage."—The expression "having conveyed by mortgage," as used in this statute, simply means, "having executed a mortgage."

Same—Averment as to Ownership.—It is not necessary to allege in the indictment that the defendant was the owner of the property mortgaged.

Same—Growing Crop as Personal Property.—A growing crop of grain is personal property within the meaning of this statute.

Case certified from the district court for Renville county, *Webber,* J., presiding.

*John W. Arctander,* for defendant.

*William J. Hahn,* Attorney General, and *G. D. Emery,* for the State.

MITCHELL, J. The defendant was indicted for a fraudulent sale of mortgaged property, contrary to the provisions of Gen. St. 1878, c. 39, § 14. The defendant having demurred to the indictment, and the demurrer having been overruled, the court below, with the consent of the defendant, certified the case to this court for its decision upon the questions of law involved.

1. We are of opinion that the indictment is not liable to the charge of duplicity. The allegation that the defendant did "sell and dispose of, to one P. W. Glenn, and divers other persons, the names and description of whom, or of any or either of whom, are to this grand jury unknown, the personal property described in said mortgage and thereby conveyed, and the whole thereof, *to wit*, 400 bushels of No. 2 wheat," charges a sale to Glenn and divers others of the 400 bushels, and not a sale of part to Glenn, and a separate sale or sales to others of the remainder. It charges a sale to divers persons, and not divers sales to divers persons.

2. The indictment alleges that the defendant duly executed and delivered to D. M. Osborne & Co. a certain "chattel mortgage, *of which a true copy is hereto attached, marked* 'Exhibit A,' *and hereby made a part hereof*, to secure the payment of three hundred dollars," etc. Attached to the indictment is the copy of the mortgage referred to, and marked "Exhibit A." It was not necessary to set out the chattel mortgage in this manner, according to its tenor; but inasmuch as there are no words of essential description of the mortgaged property in the body of the indictment, (the description of the property sold being stated under a *videlicet*,) it follows that the indictment is insufficient, unless this Exhibit A attached to it is to be considered a part of it. This presents the most important question in the case. This practice of attaching a copy of an instrument as an exhibit, instead of incorporating it into the body of the indictment, is certainly novel in criminal pleading. It is a very loose and dangerous practice, and certainly not to be encouraged. It is, of course, quite common in civil pleadings, but when we consider the liability of an exhibit to become detached, and the difficulty of properly and conclusively identifying it, such a practice ought not to obtain in criminal pleading. If an indictment in this form is presented to the court, we think it would be eminently proper for him on his own motion to refuse to receive it, and to return it to the grand jury with instructions to have it drawn in better form; and we are not now prepared to say that, if the objection were raised by a defendant upon arraignment, by motion to set aside the indictment, the court would not be justified in granting the motion and resubmitting the case to the grand

jury. But, as against a demurrer, we can see no principle of law upon which we can hold that an exhibit attached to an indictment, and referred to in it as attached thereto, and marked and expressly made a part thereof, should not be considered a part of the indictment, the same as if incorporated in the body of the pleading.

3. The language of the statute under which the indictment is found is, "that if any person having *conveyed* any article of personal property by mortgage," etc. The point is made that the indictment should have alleged that the defendant owned, or at least had a mortgage-able interest in, the property; for if he had not, then the property was not *conveyed.* This is hypercritical and untenable. It is not uncommon to find statutes declaring it a crime for a person to sell or convey land, without having title thereto, with intent to defraud. According to counsel's mode of reasoning, if the party had no title he had never *conveyed* the land, and hence had committed no offence, under the statute. The statute must be construed as if it read, "If any person, having executed a mortgage on any article of personal property," etc. The object of the statute was to prevent mortgagors of personal property, in possession of the same, from disposing of it during the life of the mortgage without the consent of the mortgagee.

4. The description of the property contained in the mortgage is, "All my crop of wheat *now sown and growing* upon," (describing the land.) The contention is that a growing crop is not "an article of personal property" within the meaning of the statute. As the mortgage was given in June, and the crime of selling the property is alleged to have been committed on the 17th of November, we think a court might almost take judicial notice that the wheat had been severed from the soil before the latter date. But, waiving this, while in certain cases, as between grantor and grantee of the land, crops will pass by deed of the land as part of the realty, yet, ordinarily, growing crops which are the result of yearly sowing and labor are personal property. As between the mortgagor and mortgagee of the crops they are such. The words of the statute are not very aptly chosen, but the word "article" is here used in the sense of one of many, and the expression any "article of personal property" means any kind of personal property; that is, any personal property.

This disposes of all the questions raised by the demurrer to this indictment, and the result is that, in our opinion, it was properly overruled.