# Kyle *v.* McKenzie.

*Bill in Equity to enforce Vendor's Lien on Land; Cross-Bill for Abatement of Purchase-Money.*

1. *Construction of deed, as to description of land conveyed.*—In a deed for lands, using as to some of them the statutory words, "grant, bargain, sell and convey" (Code, § 1839), and conveying the others by quit-claim only, but describing all of them by the government numbers, and adding, "The intention of the grantors in this deed is to convey to said R. B. K. all their right, title, interest and claim in and to the lands heretofore belonging to T. G., deceased, and lying in said sections; and should the above description be incorrect, they will at any time, when called on, correct the same;" the statutory covenants extend only to the lands which had belonged to said T. G., and all of them being included and correctly described in the deed, the purchaser can not claim an abatement of the purchase-money because he acquired no title to the other lands particularly described.

2. *Dismissal of bill in vacation, without opportunity to amend.*—When a bill, or cross-bill, is dismissed in vacation, on demurrer or motion for want of equity, without allowing an opportunity to amend, the error will work a reversal of the decree, unless the record shows that the defects are not amendable.

[Kyle v. McKenzie.]

APPEAL from the Chancery Court of Etowah.

Heard before the Hon. WM. H. TAYLOE.

Bill filed January 18th, 1890, by F. E. McKenzie against R. B. Kyle and R. N. Wood, to enforce a vendor's lien on land for unpaid purchase-money. Cross-bill by Kyle, claiming an abatement of the purchase-money on account of a deficiency in the quantity of land conveyed. Demurrer to each bill, and motion to dismiss for want of equity. Decree overruling demurrer and motion as to original bill, and dismissing cross-bill. Appeal by defendant, assigning each part of decree as error.

WM. H. DENSON, for appellant.

DORTCH & MARTIN, contra.

WALKER, J.—The original bill was filed for the enforcement of a vendor's lien. for an unpaid balance of purchase-money on a sale of land by the complainant to the defendant. The defendant made his answer also a cross-bill, and charged therein that the vendor had no title to a considerable part of the land described in his deed, and that in consequence of this the defendant acquired by the conveyance less land by several hundred acres than he supposed he was getting by the purchase; and he claimed that he was entitled to an abatement of the purchase-money because of the alleged deficiency in the quantity of the land. The decree was on a motion to dismiss the original bill as amended, for want of equity, on a similar motion as to the cross-bill, and on demurrers thereto.

The construction of the deed above referred to is the principal question in the case. That deed was executed by the complainant and his wife. They "grant, bargain, sell and convey" certain lands, which are designated according to the government survey. They "convey by quit-claim only" certain other lands, which are designated in the same way. Thus far the deed follows the ordinary forms of such conveyances. It concludes, however, with this clause: "The intention of the grantors in this deed is to convey to said R. B. Kyle all their right, title, interest and claim in and to the lands heretofore belonging to Thomas Garrett, now deceased, and lying in said sections 13, 16, 18, 19, 21. Should the description above be incorrect, the grantors will, at any time when called on, correct the same." In the original bill, as amended, all the lands in the sections mentioned which formerly belonged to Thomas Garrett, now deceased, are particularly designated. It appears from the averments on this subject that all those

lands were properly described in the deed. It also appears that other lands are described in the deed which never belonged to Thomas Garrett. The respondent in his cross-bill alleges, in substance, that under the contract of sale he was to pay the complainant thirty-five hundred dollars for all the land mentioned and described in the deed; that he would not have made the purchase had he not believed that he would get title to and possession of the land as particularly described; that one thousand and thirty-five acres were embraced in that description, while the deed really conveyed only seven hundred and sixty acres, as the complainant had no title to some of the lands described in the deed, and as there were double descriptions of several of the parcels; and that the difference in value between the quantity of land included in the description, and the quantity actually acquired by the respondent under the deed, was twelve hundred and fifty dollars. There is, however, no allegation that the complainant made any representation as to the number of acres sold, or that the land was bought by the acre, or that Thomas Garrett, deceased, had owned any lands in the sections named in the deed which were not included in the description therein, or that there was a failure or defect of title as to any of the lands formerly owned by Thomas Garrett.

The contention of the respondent is, that he is entitled in any event to the land particularly described according to the government survey, and to the number of acres called for by such description. The terms of the deed do not support this contention. It is true that the words "grant," "bargain," "sell," or either of them, as used in the deed, must be construed, unless it otherwise clearly appears from the conveyance, an express covenant that the grantor was seized of an indefeasible estate in fee simple in the lands to which they refer.—Code, § 1839; *Swann v. Gaston*, 87 Ala. 569. But these words must be construed in connection with the other language used in the deed, so as to give effect to the intention of the parties as expressed in the instrument.—*Derrick v. Brown*, 66 Ala. 162. If it clearly appears from the deed, taken as a whole, that the words of conveyance and warranty were intended to apply only to such lands as had formerly belonged to Thomas Garrett, then the statutory warranty is not to be arbitrarily implied as covering lands which never belonged to Thomas Garrett. The clause of the deed last above quoted is decisive of the meaning of the instrument. It is plain that the particular description according to the government survey is controlled by the express provision to the effect that only such lands in the sections named as had

[Kyle v. McKenzie.]

formerly belonged to Garrett were intended to be conveyed. The warranty is not to be stretched to cover lands which the deed itself shows were not intended to be included therein. The intention of the grantors to convey only their right, title, interest and claim in and to the lands theretofore belonging to Thomas Garrett, now deceased, and lying in sections 13, 16, 18, 19 and 21, is clearly expressed. The provision for such corrections as might be necessary to include such lands in the sections named which had formerly belonged to Thomas Garrett, shows that the parties apprehended that the land might be incorrectly described in the deed, and that they did not intend that the particular description contained in the deed should control in determining what lands were covered by the purchase. If any of the Garrett lands in either of the sections named had been omitted from the deed, it can not be denied that it would have been the duty of the grantors to correct their conveyance so as to make it include the omitted lands. If there had been such omission, could the grantee have claimed that the particular description contained in the deed should be treated as conclusively correct for the purpose of binding the grantor to convey the lands covered thereby, but as subject to correction for the purpose of adding other lands intended to be conveyed—that the provision should operate only against the grantors, and not for their protection in any event? Clearly not. The obvious effect of the clause referred to is to limit the operation of the conveyance to such lands in the five sections mentioned as had formerly belonged to Thomas Garrett. The warranty does not extend to lands which, though particularly described, had never belonged to the person named as former owner. The grantee is entitled to claim nothing more under the deed, if all the lands in the sections mentioned which had formerly belonged to Thomas Garrett were included in the deed by proper descriptions. The cross-bill does not show that any of those lands were omitted from the description in the deed, or that the title to any portion thereof has failed or is defective. The cross-complainant did not aver facts entitling him to any equitable relief. The chancellor was correct in so holding.

It can not be affirmed, however, that the cross-bill could not be so amended as to disclose a case entitling the complainant therein to equitable relief. It was error to dismiss it in vacation without affording an opportunity to amend.—3 Brick. Dig. 379, § 197. For this error the decree must be reversed.

Reversed and remanded.