# Pendrey *v.* Godwin, *et al.*

## *Ejectment.*

(Decided February 8, 1912. 57 South. 724.)

1. *Deeds; Property Conveyed.*—Where the deed relied on by plaintiff conveyed to him property described by government subdivision and known as the J. M. place, and recited that it was the grantor's. purpose to convey the J. M. place, whether the description by metes and bounds was correct or not, and authorized grantor's executor to ascertain the proper subdivision, should the description be incorrect, the deed was admissible in connection with evidence identifying the lands sued for as being a part of the J. M. place, notwithstanding the incorrectness of the government subdivision.

2. *Ejectment; Evidence; Identification.*—In an action of ejectment it is competent to introduce parol evidence of the identity of land as being part of a place described in a deed, as the place known·as. the J. M. place.

APPEAL from Crenshaw Circuit Court.

Heard before Hon. J. C. RICHARDSON.

Ejectment by S. J. Pendrey against Daniel Godwin and another. From a judgment of nonsuit, plaintiff appeals. Reversed and remanded.

Plaintiff offered to introduce in evidence a deed from James P. Pendrey, conveying to him certain property sued for, described by government subdivision and known as the "Jess Myers place." The deed further asserts that it is the purpose of the vendor to convey the Jess Myers place, whether the above description is correct or not; and, should the description prove incorrect, authority is given to vendor's executors or administrators to ascertain the proper subdivisions and execute deed in accordance therewith. In connection with this deed, plaintiff offered testimony to identify the land known as the Jess Myers place; but the court declined to permit such evidence, and on motion of the defendant excluded the deed, whereupon the plaintiff took a nonsuit, and afterwards filed a motion to set aside the nonsuit, based on the erroneous action of the court as above set out.

M. W. RUSHTON, for appellant. The court erred in refusing to admit the deed and in refusing to admit evidence identifying the land sued for as being a part of the Jesse Myers place.—*E. & P. Mfg. Co. v. Gibson,* 62 Alt. 369; *Woodstock I. W. Co. v. Roberts,* 87 Ala. 441; *Anniston C. L. Co. v. Edmondson,* 127 Ala. 461; *Seymour v. Williams,* 139 Ala. 416; *Steed v. Knowles,* 97 Ala. 578; *Bank v. Webb,* 108 Ala. 131.

POWELL & HAMILTON, for appellee. Where the description in the deed is such as to show that the grantor intended to convey only a specified quantity of land, no more than that quantity will pass.—2 Dev. on Deeds, sec. 1045. A particular description which is clear and explicit and completely identifies the property conveyed cannot be varied or enlarged by a more general and less definite description.—13 Cyc. 631; *Seymour v. Williams,*

139 Ala. 414. The grantor in the deed was dead and that fact alone rendered the testimony illegal.—Sec. 4007, Code 1907.

DOWDELL, C. J.—Without evidence of identification of the land sued for as being a part of the place "known as the Jess Myers place," the deed offered in evidence was inadmissible; but with this evidence supplied, and it was permissible to do so by parol testimony, the deed was, in connection with such evidence of identification, admissible. The deed on its face expresses the intention of the grantor to convey the "Jess Myers place," and such intention should not fail because the government numbers given in the deed do not correspond with the true government numbers of the "Jess Myers place." In the face of the expressed intention in the deed to convey the land "known as the Jess Myers place," the government numbers given, failing to correspond, will be regarded as a misdescription.

The trial court committed error in not allowing plaintiff's evidence of identification of the land sued for as being the "Jess Myers place." As we have said above, with this evidence in, then the deed offered in evidence is rendered competent.—*Seymour et al. v. Williams,* 139 Ala. 416, 36 South. 187. The question considered appears from the record to be the controlling question in the case, and other assignments of error need not therefore be considered.

For the error indicated, the judgment of the lower court is reversed, and the cause remanded.

Reversed and remanded. All the Justices concur.