(80 South. 415)

### COBBS v. UNION NAVAL STORES CO.
#### (1 Div. 24.)

(Supreme Court of Alabama. Nov. 21, 1918. Rehearing Denied Dec. 21, 1918.)

1. DEEDS ☞116 — ESTATES CREATED — CONSTRUCTION.

Deed *held* to grant an undivided half interest in the grantor's after-acquired interest in the land.

2. ESTOPPEL ☞38 — ESTATE SUBSEQUENTLY ACQUIRED.

Where a person, having purchased realty and personalty from one who had no title, conveyed with covenants of warranty one undivided half interest in the "property purchased from" his vendor, his vendee acquired an undivided half interest in the property when the vendor of the half interest subsequently acquired perfect title from a different person.

3. DEEDS ☞97 — ESTATES CREATED — CONSTRUCTION.

Deeds of bargain and sale for valuable consideration are to be construed most strongly against the grantor, and it is the duty of the courts to exert all reasonable efforts to reconcile any conflicting parts of the deed.

4. DEEDS ☞93 — ESTATES CREATED — CONSTRUCTION.

In construing a deed it it the duty of the court to ascertain as far as possible the grantor's intention by a construction of the whole instrument.

Appeal from Circuit Court, Mobile County; Norvelle R. Leigh, Judge.

Bill by the Union Naval Stores Company against D. B. Cobbs. Decree for complainant, and respondent appeals. Affirmed.

Bill by appellee against appellant, seeking partition of the lands therein specifically described, situated in Mobile county, and alleged to be owned in equal parts by the parties as tenants in common. The answer admits that the land is capable of partition in kind, but denies joint tenancy, setting up that the respondent (appellant) is the sole owner thereof, and that the claim of complainant (appellee) is a cloud on his title. The answer is made a cross-bill, seeking a cancellation thereof. The cause was submitted for final decree on agreed statement of facts, resulting in a decree in favor of the complainant, from which the respondent prosecutes this appeal.

On November 25, 1903, one S. J. Walter conveyed the lands described in the bill, together with certain personal property and leases for turpentine purposes, to H. M. Rayford, definitely describing the lands by government subdivisions; and on January 20, 1904, Rayford and wife executed and delivered to one Leslie K. Irwin the deed discussed in the opinion; that portion of which deed here pertinent reads as follows:

"State of Alabama, Mobile County.

"Know all men by these presents, that I, the undersigned H. M. Rayford, and A. M. Rayford his wife, for and in consideration of the sum of $4,500 to me in hand paid by Leslie K. Irwin, of Mobile, Alabama, the receipt of which sum of money is hereby acknowledged do grant, bargain, sell and convey unto the said Leslie K. Irwin, an undivided one-half interest in and to all of the following described property, real, personal and mixed."

Here follows a description of a considerable amount of personalty, in very general and indefinite terms, and then a description of the land involved, by definite government numbers and subdivisions. Then follows a description of numerous leasehold interests, in a very general and indefinite manner; and immediately following this description is what is referred to as the "intention clause." Immediately thereafter is the clause containing covenants of warranty.

It is without dispute that in the purchase, the grantee, Irwin, in fact represented the complainant in this cause; and, on September 26, 1912, the said Irwin, by statutory warranty deed, conveyed an undivided one-half interest in the said land to the complainant; and, further, that Rayford has been in possession of said property, and acquired the same from said Walter under his deed. The above-mentioned deeds were duly and properly recorded. Said Rayford died, and his interest in the land was sold by the administrator, through an order of the probate court, to pay debts. Defendant became the purchaser at such sale, and a conveyance was executed by the administrator and delivered to him. On December 28, 1905, one W. P. Fort executed to the said H. M. Rayford a deed, with warranty of title, to the land here involved, and, which it is insisted by the defendant, perfected Rayford's title, giving him a fee-simple title to the entire interest.

There are other matters appearing in the agreed statement of facts, which are not treated in the opinion, and therefore not necessary to be here stated, as the question determined by the court is decisive of the cause.

D. B. Cobbs, of Mobile, for appellant.

Brooks & McMillan, of Mobile, for appellee.

---

GARDNER, J. The foregoing statement of the case will suffice for a general understanding of the question here presented, which we find determines the result of this appeal.

It is insisted by the respondent that S. J. Walter, at the time of the execution of the deed to H. M. Rayford, referred to in the statement of the case, had no title, and that, therefore, Rayford had none when he executed his conveyance to Irwin, from whom the complainant obtained title.

While the contrary is insisted on by the complainant, yet the agreed statement of facts discloses that the said H. M. Rayford, subsequent to the execution of his deed to Irwin, did obtain a good title by virtue of the deed made from Fort to Rayford in the year 1905. It is therefore the insistence of complainant that, even though it be conceded that Rayford had no title at the time of the execution of the deed to Irwin, yet an undivided one-half interest in this after-acquired title passed to complainant by way of estoppel, by virtue of the covenants contained in the deed from Rayford to Irwin, and this is the question treated as of prime importance on this appeal.

The granting clause in this deed uses the words "grant, bargain, sell and convey"; and the warranty clause is that the grantor "does hereby covenant that he is seized of an indefeasible title to the property hereby conveyed, and that he will forever warrant and defend the same unto the said Leslie K. Irwin against the adverse claims and demands of all persons whomsoever."

From the case of Sayre v. Sheffield Land, Iron & Coal Co., 106 Ala. 440, 18 South. 101, we take the following pertinent quotation:

"In Chapman v. Abraham, 61 Ala. 114, it was said: 'It is settled in this state that if one, having at the time no title, convey lands by warranty, even the warranty which the law implies from the employment of the words "grant, bargain, sell and convey," and afterwards acquires title, such title will inure and pass eo instanti to his vendee. This, by a species of estoppel. * * *' It may be inquired, What is the effect of such a title inuring by way of estoppel to the grantee? Devlin in his work on Deeds, lays down the proposition, supported by a vast array of authorities, that, 'Where covenants for title are contained in a deed, the after-acquired title will pass * * * to the grantee and his successors.' 2 Dev. on Deeds, § 946."

Also the following from Doolittle v. Robertson, 109 Ala. 412, 19 South. 851:

"In no state perhaps has the rule been more rigidly adhered to than in this 'that when one sells land to which he has no right, with warranty of title, and he afterwards acquires a good title, it passes instantly to his vendee, and he is estopped from denying that he had no right at the time of the sale.'"

[1] It is clear, therefore, under this well-recognized rule, considering the granting and warranty clauses, above referred to, that an undivided one-half interest of Rayford's after-acquired title inured and passed to complainant. However, just preceding the warranty clause, and immediately following the description of the property, is the following, referred to in brief as the "intention clause":

"The intention of this conveyance being to convey to the said Leslie K. Irwin, the grantee herein, an undivided one-half interest of, in and to, that turpentine farm acquired by me from S. J. Walter and now operated by me, together with an undivided one-half interest in and to all the parts thereof and all the appurtenances thereunto belonging, together with all the additions and extensions which have been made to the place since I purchased it from S. J. Walter on November 25, 1903, including everything connected with or pertinent to said place, embracing all real, personal and mixed property."

[2] It is contended by the defendant that this clause limits the title conveyed, and discloses Rayford's intention to convey an undivided one-half interest in only such title as he obtained from Walter. It is further insisted that the warranty clause operates only on such title as was actually conveyed, and it would seem the covenants of warranty would therefore be without effect in so far as the lands are concerned.

Stress is laid in the argument upon the words in the warranty clause, "hereby conveyed," and upon the word "acquired" in the "intention clause." To reduce the contention of appellant to the last analysis, it would seem that the title conveyed is limited to an undivided one-half interest of the title obtained from Walter, and that Rayford obtained nothing from Walter—consequently he conveyed nothing to Irwin—and therefore, the covenants of warranty being limited to the title conveyed, Rayford warranted nothing when he covenanted that he was seized of an indefeasible title to the property.

[3] We cannot agree to such construction of the deed. It is a well-known rule of construction that deeds of bargain and sale, for valuable consideration, are to be construed most strongly against the grantor and in favor of the grantee; and, further, that it is the duty of the courts to exert all reasonable efforts to reconcile any conflicting parts in the deed. Vizard v. Robinson, 181 Ala. 349, 61 South. 959; Wallace v. Hodges, 160 Ala. 276, 49 South. 312; Chattahoochie v. Pilcher, 163 Ala. 407, 51 South. 11.

[4] In construing the deed, the duty devolves upon the court to ascertain as far as possible the grantor's intention, and, in the performance of this duty, to look at the whole conveyance. We have noted herein the language in the granting clause, as well as the covenants of warranty as to title. There is, however, indefiniteness as to the description of the personal property, and also as to numerous leasehold interests intended to be

conveyed by the deed. The lands in question, however, are definitely described by government subdivisions; the description of the land being placed between that of the personal property and leasehold interests mentioned.

We are of the opinion that all clauses in the deed may be very reasonably reconciled by construing the "intention clause," above referred to, as intended as a general description of the property intended to be conveyed, and placed in the deed through abundant precaution, and was not intended to limit or qualify the interest of the estate conveyed. By this construction, force and effect is given to each clause of the deed; while to follow the contention of appellant would result in practically eliminating the warranty clause, as well as ignoring the statutory words "grant, bargain, sell and convey," and reduce the instrument merely to a quitclaim.

It clearly appears that Rayford obtained possession of the property from Walter, and we can therefore see nothing of advantage to the appellant in the use of the word "acquired" in the "intention clause." The insistence as to the words "hereby conveyed" in the warranty clause is, we think, sufficiently answered by the case of State v. Williams, 32 Minn. 539, 21 N. W. 746, and needs no further comment here.

An examination of the authorities relied upon by counsel for appellant, among them Kyle v. McKenzie, 94 Ala. 236, 10 South. 654, Reynolds v. Lawrence, 147 Ala. 216, 40 South. 576, 119 Am. St. Rep. 78, McCombs v. Stephenson, 154 Ala. 109, 44 South. 867, Pendrey v. Godwin, 188 Ala. 565, 66 South. 43, Jenkins v. Woodward, 194 Ala. 374, 69 South. 646, and Derrick v. Brown, 66 Ala. 167, will disclose that they are not at all in conflict with the conclusion here reached.

We therefore conclude, as did the learned judge in the court below, as disclosed by his able opinion which appears in the record, that the "intention clause" in no wise conflicts with the warranty and granting clause; and that, therefore, under the principle of inurement, Rayford's after-acquired title passed to complainant, and therefore the complainant was found to have an undivided one-half interest in the lands. This conclusion, of course, renders it unnecessary to consider the further insistence of counsel for appellee that the granting clause will control any interlocutory recitals as to the interest intended to be conveyed—citing Head v. Hunnicutt, 172 Ala. 51, 55 South. 161. We need therefore give no consideration to that insistence.

It results that the decree of the court below will be here affirmed.

Affirmed.

MAYFIELD, SAYRE, and THOMAS, JJ., concur.