(101 So. 730)

**MILLS v. JORDAN et al.**
(4 Div. 98.)

(Supreme Court of Alabama.   Oct. 23, 1924.)

1. **Boundaries** ⬅—Additional descriptions following description by governmental subdivision may be given effect.

Whether description of land includes disputed property must be determined by intention of parties ascertained from the whole instrument giving effect to all terms, if possible, and government numbers, though in general prevailing, may be aided by additional descriptions, including additional property.

2. **Evidence** ⬅460(4)—Parol evidence identifying land with that described held admissible.

In ejectment suit by mortgagee against mortgagor, parol evidence of civil engineer and county surveyor *held* admissible to identify land sued for as part of land conveyed by mortgagee, and in no sense varying terms of mortgage.

Appeal from Circuit Court, Henry County; H. A. Pearce, Judge.

Action in ejectment by W. H. Mills against Laura E. and J. W. Jordan. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

The description of the lands involved as contained in the mortgage, executed by defendants to plaintiff, is as follows:

"The following described lands lying and situated in Henry county, state of Alabama, to wit: The S. E. ¼ of N. E. ¼ and N. ½ of N. E. ¼ of S. E. ¼ of section 33, township 7, range 29, containing 63 acres more or less known as the John Pelham place. Also the N. W. ¼ of S. W. ¼, S. E. ¼ of N. W. ¼ and N. ½ of N. W. ¼ of S. E. ¼, N. ½ of S. E. ¼ of S. W. ¼ and a fraction lying east of the creek in the S. E. ¼ of N. E. ¼, and three acres off of the S. W. ¼ of S. W. ¼, and seven acres in the N. W. corner of S. E. ¼ of S. W. ¼, all in section 33, Tp. 7, R. 29. All of the N. W. ¼ of N. E. ¼, and N. E. ¼ of N. W. ¼, N. ½ of N. W. ¼ of N. W. ¼, and N. ½ of S. W. ¼ of N. E. ¼ that lies North of the public road running east and west and known as the Abbeville and Franklin road and a fraction of five acres, more or less in the S. ½ of N. W. ¼ of N. W. ¼, and bounded on the west by lands of W. B. Fleming in section 33. Also eight acres more or less in the northeast corner of section 32 and bounded on the south by Dry Bluff being the line, all in township 7, range 29. And being further described as the lands owned by Francis A. Pelham at the time of her death; except the 63 acres first above described, and further described as the lands sold under a decree of the circuit court, in equity, of Henry county, Ala., on June 10th, 1918. Said lands are further described as bounded follows: North by lands of W. B. Fleming and V. H. Calhoun; and Smith Ferry Road; east by lands of T. L. Grace; south by James Tye estate lands and Zeke Grace lands; west by lands of W. B. & G. W. Fleming, and all once belonging to Francis A. Pelham; containing in all 400 acres more or less."

P. A. McDaniel and W. O. Long, both of Abbeville, for appellant.

Counsel argue for error in the rulings of the court, and cite Harris v. Byrd, 202 Ala. 78, 79 So. 472; Tulane v. Stair, 148 La. 11, 86 So. 595; Meyer v. Comegys, 147 La. 851, 86 So. 307; Ellenburg v. Barksdale, 210 Ala. 11, 97 So. 54; Dinkins v. Latham, 154 Ala. 90, 45 So. 60; Stein v. Ashby, 24 Ala. 521; McCombs v. Stephenson, 154 Ala. 109, 44 So. 867.

Espy & Hill, of Dothan, for appellees.

The description in the mortgage is void. Dyke's Case, 101 Ala. 391, 13 So. 582; Gaston's Case, 84 Ala. 194, 4 So. 258; Boykin's Case, 76 Ala. 561; Wyeth's Case, 105 Ala. 641, 17 So. 45; Wilson's Case, 188 Ala. 543, 66 So. 190. Parol evidence is not admissible to show the mortgage embraced lands not

contained in the description. Hall's Case, 199 Ala. 97, 74 So. 56.

BOULDIN, J. The suit is in statutory ejectment by a mortgagee against the mortgagors. The execution of the mortgage, and the right of the mortgagee to possession of the lands mortgaged, are undisputed. The question is whether the lands sued for are a part of the lands conveyed by the mortgage.

The lands sued for are described by government subdivision, with added general description. The certainty of description in the complaint presents no difficulty.

The court below sustained objection to the mortgage as evidence upon the apparent ground that the description of the lands in the mortgage does not cover the lands sued for. The mortgage being plaintiff's source of title, the general charge was given for defendants.

Our inquiry here is whether the description of the lands in the mortgage, aided by evidence of identity, introduced by plaintiff, tended to show the lands described in the complaint were conveyed by the mortgage.

The mortgage contains four descriptions, or attempted descriptions, of the lands conveyed. These several descriptions follow each other, conjoined by the words "and further described." They are: (1) A description by government subdivisions and part subdivisions with the aid of natural boundaries. (2) By name, thus: "The lands owned by Francis A. Pelham at the time of her death; except the 63 acres first above described, * * * all once belonging to Francis A. Pelham; containing in all 400 acres more or less." The 63 acres are above described by subdivisions and known as the John Pelham place. This portion is not involved in the suit. (3) By reference, thus: "the lands sold under a decree of the circuit court, in equity, of Henry county, Ala., on June 10, 1918." (4) By boundaries, giving the names of adjoining landowners, north, south, east and west.

The plaintiff introduced as a witness Will Crowford, who testified, in substance: Witness is a civil engineer and county surveyor of Henry county; knew the lands of Francis A. Pelham at the time of her death; knows the lands described in the complaint, and proceeds to describe them; they are a part of the tract known as the Francis A. Pelham lands at the time of her death; witness surveyed the lands and identifies as correct a plat of the lands made by G. B. Espy, county surveyor of Barbour county; the lands sued for are shown on the map or plat as part of the Francis A. Pelham lands; and are within the boundaries defined by adjoining landowners as set forth in the mortgage.

The plat was introduced, is copied in the record, and shows the land sued for to be parts of the "Pelham Place."

The lands sued for are not included in the description by government numbers in the mortgage, except a small fraction indefinitely described. The evidence tends to show they are included in the description by name of the former owner, and by present boundaries. Appellees take the view, supported by the ruling below, that the particular description by government numbers cannot be enlarged by the other descriptions in the mortgage.

[1] The general rule obtains that a particular description by government numbers prevails over a general description. Pettit v. Gibson, 201 Ala. 177, 77 So. 703. This case recognized the rule declared in Sumner v. Hill, 157 Ala. 230, 47 So. 565. In the latter case the court considered a description in these words:

"Also that tract of land situated in Greene county, Alabama, known as the 'Hancock Place,' and more particularly described as follows, to wit" (followed by government subdivisions).

The question involved was whether a decree thus describing the lands should be limited to the lands described by numbers. The court announced the following rule:

"We think it may be stated as a sound proposition that where the particular description following the general description contains no words manifesting an intention to limit or restrict the general description, and is intended merely as an additional description, then whatever is included in the general description will pass by the grant."

This rule applies only where the general description, with proof of identity, is complete within itself. Bogan v. Hamilton, 90 Ala. 454, 8 So. 186; Pendrey v. Godwin, 188 Ala. 565, 66 So. 43; 18 C. J. p. 284.

The rule of controlling importance is to ascertain the intention of the parties from the whole instrument. Effect should be given all its terms if, in reason, this can be done.

Here we have four consecutive descriptions of the same property, any one of them sufficient when accompanied by proof showing the land in suit to be a part of the land described. The final description by boundaries is a very common and definite description. The order in which the descriptive clauses appear is not important. The natural inquiry is: Why all this descriptive matter? The answer comes readily that the purpose of the whole is to make more certain what was conveyed. Each descriptive clause is in aid of the other.

A description by government subdivisions is a definite and certain one. When available, it is the best form, the one designed by law to identify lands. It is not, however, the sole method of description. Errors often intervene and persist through successive conveyances. This is more likely where numerous calls and fractions are involved. Nothing is shown on the ground to verify the numbers, and they must usually be taken

from other conveyances or a survey. The parties often want some further descriptive matter known to them or easily verified on the ground. This is usually the real reason for inserting further general descriptions. As said in Cobbs v. Union Naval Stores Co., 202 Ala. 333, 80 So. 415, they are inserted "through abundant precaution." The case before us furnishes a good example. Checking the map with the mortgage, we find the mortgage omits three calls or parcels shown on the map, one of them inside the body of lands, entirely surrounded by other calls in the mortgage. There are three other calls entirely outside the map. Two calls in the mortgage overlap or duplicate other calls. These are evidences of inaccuracy on the face of the mortgage.

We think the general or additional descriptive clauses in this mortgage are intended to aid in identifying the lands conveyed, and are not limited to the government numbers.

[2] The evidence admitted to identify the property, to show it was the same property described, in no sense varied the terms of the mortgage. The same evidence of identity is required in all cases; not identity of description, but identity of the property with the description.

With the evidence of the county surveyor before the jury, the court was in error in refusing to admit the mortgage. This led to further error in giving the affirmative charge for defendants.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.