ARTHUR HORN v. STATE.

No. A-4363. Opinion Filed May 16, 1925.
Rehearing Denied Sept. 19, 1925.
(238 Pac. 966.)

Theo. D. B. Frear, for plaintiff in error.

George F. Short, Atty. Gen., and Baxter Taylor, Asst. Atty. Gen., for the State.

EDWARDS, J. For brevity and convenience the plaintiff in error will be referred to as defendant, as in the court below. The defendant was convicted in the district court of Craig county for the crime of uttering a forged instrument, the release of a mortgage, and sentenced to a term of seven years in the penitentiary. The following assignments of error are argued in the brief: First. That the information is defective. Second. Refusal of requested instructions. Third. Failure of the court to properly instruct on circumstantial evidence. Fourth. Insufficiency of the evidence to sustain a conviction. These assignments will be considered in the order presented.

The information on which the defendant was tried does not contain a copy of the forged instrument, but contains instead the allegation that the release has been destroyed or is in the possession of some one to the informant unknown. That informant is unable to set out said instrument. The release is rather fully described in the information. This allegation does not bring the information within the provisions of section 2569, Comp. St. 1921, which provides that when an instrument which is the subject of an indictment or information for forgery has been destroyed or withheld by the act or procurement of the defendant, and the fact of withholding or destruction is alleged, the misdescription of the instrument is immaterial. There is no good reason why the county attorney should not have attached, or pleaded in full, a copy of the forged release, as the information sets out the fact that it is recorded, giving book and page. A failure to do so is poor pleading. See Arnold v. State, 15 Okla. Cr. 519, 179

P. 897. However, the failure to set out the instrument could in no sense have been prejudicial to the defendant. For, if the description as alleged in the information failed to fully apprise the defendant of the instrument in question, the allegation of the book and page where the same was recorded afforded him an opportunity to fully ascertain the contents, and under this state of facts the error was harmless.

Upon the second assignment the record discloses that defendant requested the giving of three separate instructions, touching the matter of knowledge and intent of the defendant in case the jury should find that the defendant uttered and published the forged release in question. We perceive no fault in the requested instructions, but the substance of them was fully covered by the court's charge Nos. 4 and 5, and it follows that there was no error in refusing the request made.

Considering the third assignment of error, the failure of the court to instruct on circumstantial evidence. The case is not one based wholly on circumstantial evidence. It was proven by direct testimony, and in fact admitted in the brief of the defendant, that the release was a forgery, and that defendant had the release placed of record; that he conducted the negotiations and obtained the price for the land conveyed against which was the mortgage attempted to be released by the forged release in question. And after the money paid for the land was deposited in the bank jointly in the name of defendant and one Fred Jackson, it was withdrawn on the checks of the defendant. Where a case is not one wholly of circumstantial evidence, a defendant is not entitled as a matter of right to have the jury instructed on that point. Hendrix v. U. S., 2 Okla. Cr. 240, 101 P. 125; Star v. State, 9 Okla. Cr. 210, 131 P. 542. And, even had the defendant been clearly entitled to an instruction on circumstantial evidence, the failure to give such an instruction under the conditions shown

here would not require a reversal. In the case of Matthews v. State, 8 Okla. Cr. 676, 130 P. 125, this court held:

"The court did not give an instruction with reference to circumstantial evidence, neither was such an instruction requested by counsel for appellant. We think that an instruction upon circumstantial evidence should have been given. But, as no exception was preserved to the action of the trial court in failing to give such an instruction, we cannot reverse the conviction upon this ground."

Finally, it is argued at some length that the evidence is insufficient to sustain the verdict. In behalf of the defendant it is pointed out that the evidence fails to show that the defendant knew the instrument to be forged. Also that the notary public who took the acknowledgment to the release in question testified that the defendant was not the person who signed and acknowledged it. But, on the other hand, the evidence does clearly show that the release was a forgery. It shows that the sale of the land incumbered by the mortgage sought to be released by the forged instrument was negotiated by the defendant by a written contract under the terms of which he agreed to furnish a clear and perfect title; that defendant delivered the forged release to an abstractor to be put of record and the abstract extended; that he then conveyed the land as clear of all incumbrance; that he checked out the money paid as a consideration therefor. The evidence is not insufficient, and it is too well settled to require citation of authority that, where there is any legal evidence reasonably supporting the verdict, its weight is for the jury and this court will not disturb the verdict, although there may be conflicting evidence.

Finding no reversible error, the case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.