# JOE CHAPPELL v. STATE.

No. A-9945.    April 8, 1942.

(124 P. 2d 742.)

214

Mac Q. Williamson, Atty. Gen., Owen J. Watts, Asst. Atty. Gen., and W. H. Parker, Co. Atty., of Atoka, for the State.

I. L. Cook, of Atoka, for defendant.

BAREFOOT, P. J.  The defendant, Joe Chappell, was charged jointly with W. T. Pemberton in the district court of Atoka county by indictment of a grand jury with the crime of obtaining money under false pretenses, demanded a severance which was granted, was tried, convicted and sentenced to serve a term of three years in the penitentiary and pay a fine of $476.25, and has appealed.

For a reversal of this case it is contended:

(1) The insufficiency of the indictment.

(2) The inadmissibility of the evidence of o t h e r crimes.

(3) The verdict and judgment are contrary to the law and the evidence.

The first assignment of error is based upon the fact that the indictment did not set out in full in the body thereof the false and fictitious written claim which was presented by defendant to the county clerk of Atoka county, and a full and complete copy of the warrant issued by the county in payment of the false and fictitious claim.  The indictment stated:

"That the said W. T. Pemberton and Joe Chappell, in the county and State aforesaid, and on the day and year aforesaid, acting jointly together and in concert one with the other, did then and there knowingly, wilfully, wrongfully, fraudulently, designingly a n d feloniously, with the intent to cheat and defraud Atoka County, State of Oklahoma, out of the sum of $158.75, in good and

lawful money of the United States of America, obtained from Atoka County, State of Oklahoma, the sum of $158.75 by then and there unlawfully, designingly, fraudulently and feloniously representing to Atoka County, State of Oklahoma, that claim No. 64 against Atoka County, Oklahoma, dated September 1, 1939, which was paid by warrant No. 64 out of the Highway Construction and Maintenance Fund of Atoka County, Oklahoma, dated September 6, 1939, (a copy of said claim and warrant are attached hereto and made a part of this indictment), was a true and correct instrument and that the claim for services rendered and material sold as shown by said claim were true and correct and that the respective amounts claimed were true and correct when in truth and fact said instrument in writing was false, and that said representations contained in said claim were false and fraudulent and that the said W. T. Pemberton and Joe Chappell then and there well knew that said claim and warrant were false and fraudulent but that Atoka County, State of Oklahoma, relying upon said representations as contained in said claim No. 64 was a good and lawful claim and demand upon Atoka County, State of Oklahoma, and was induced to and did deliver to the said W. T. Pemberton and Joe Chappell the sum of $158.75, as evidenced by said warrant No. 64, which sum of money was then and there the property of Atoka County, State of Oklahoma, and was paid over to the said W. T. Pemberton and Joe Chappell by the said Atoka County, State of Oklahoma, contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the State of Oklahoma."

After a careful consideration of this indictment, we are of the opinion that the court did not err in refusing to quash the same and sustain the demurrer thereto, and in not sustaining the objection of defendant to the admission of any evidence under said indictment. While we are of the opinion that it is the best practice in criminal cases for written instruments upon which a prosecution in a criminal case is based to be copied in full

in the indictment or information, and that a copy of the same should not be attached thereto, as is often done in pleadings in civil cases, yet we cannot see how the defendant could have in any way been prejudiced by such action in this case. The indictment did set out the number of the claim and the date thereof; the number of the warrant and the date thereof, and that it was paid out of the "Highway Construction and Maintenance Fund of Atoka County". It was also alleged in the indictment that "a copy of the said claim and warrant are attached hereto and made a part of this indictment." Counsel in his brief states that no copy was attached to the indictment at the time of the trial. Attorneys for the state in their brief attach thereto a photostatic copy of the indictment which they claim shows that the copy had been attached, but at some time was detached therefrom. This we consider as immaterial for the reason that we are of the opinion that the matter is set forth in such a manner in the indictment as to be good against a demurrer or motion to quash. This is especially true in view of Oklahoma Statutes 1931, sections 2891 and 2892, O. S. A., and Oklahoma Statutes 1941, Title 22, §§ 409 and 410, which provide:

(1) "The indictment or information is sufficient if it can be understood therefrom: * * *

"6. That the act or omission charged as the offense is clearly and distinctly set forth in ordinary and concise language, without repetition, and in such a manner as to enable a person of common understanding to know what is intended. * * *"

(2) "No indictment or information is insufficient, nor can the trial, judgment, or other proceedings thereon be affected, by reason of a defect or imperfection in the matter of form which does not tend to the prejudice of the substantial rights of the defendant upon the merits."

We also call attention to the case of Horn v. State, 31 Okla. Cr. 347, 238 P. 966, 967, in which the court says:

"There is no good reason why the county attorney should not have attached, or pleaded in full, a copy of the forged release, as the information sets out the fact that it is recorded, giving book and page. A failure to do so is poor pleading. See Arnold v. State, 15 Okla. Cr. 519, 178 P. 897. However, the failure to set out the instrument could in no sense have been prejudicial to the defendant. For, if the description as alleged in the information failed to fully apprise the defendant of the instrument in question, the allegation of the book and page where the same was recorded afforded him an opportunity to fully ascertain the contents, and under this state of facts the error was harmless."

The above statement applies with equal force to the case at bar. The defendant could have easily examined the records which were public documents in the office of the county clerk of Atoka county. He was in no way prejudiced by the failure of the indictment to set them out in full. The Arnold Case, supra [15 Okla. Cr. 519, 178 P. 899], was a forgery case. A copy of the indictment is set out and it states therein, "a true and correct certified copy of said false and forged release and instrument in writing aforesaid is attached hereto, incorporated herein and made a part hereof, marked 'Exhibit A' for identification." The court refused to sustain a demurrer to the information, and this court held that it did not err in doing so. See, also, State v. Williams, 32 Minn. 537, 21 N.W. 746, 747, where it is said:

"This practice of attaching a copy of an instrument as an exhibit, instead of incorporating it into the body of the indictment, is certainly novel in criminal pleading. It is a very loose and dangerous practice, and certainly not to be encouraged. It is, of course, quite common in civil pleadings, but when we consider the liability of an

exhibit to become detached, and the difficulty of properly and conclusively identifying it, such a practice ought not to obtain in criminal pleadings. If an indictment in this form is presented to the court, we think it would be eminently proper for him on his own motion to refuse to receive it, and to return it to the grand jury with instructions to have it drawn in better form; and we are not now prepared to say that, if the objection were raised by a defendant, upon arraignment, by motion to set aside the indictment, the court would not be justified in granting the motion and resubmitting the case to the grand jury. But, as against a demurrer, we can see no principle of law upon which we can hold that an exhibit attached to an indictment, and referred to in it as attached thereto, and marked and expressly made a part thereof, should not be considered a part of the indictment, the same as if incorporated in the body of the pleading."

For the reasons above stated, we do not think that the court erred in refusing to sustain the motion to quash or the demurrer to the information.

The state was permitted to introduce in evidence other fictitious claims prepared and filed by defendant with the county clerk of Atoka county and the warrants issued in payment thereof. These claims were filed and paid prior to the 1st day of September, 1939, the date when the claim herein involved was filed. It is contended by defendant that the court erred in permitting this evidence to be introduced for the reason that it showed the commission of other crimes than the one of which he stood charged. It is true that the general rule is, as has many times been announced by this court, that in a prosecution for one crime it is not proper to admit testimony against the defendant tending to connect him with the commission of other offenses for the purpose of establishing the guilt of the offense charged. The case

of Williams v. State, 68 Okla. Cr. 348, 98 P. 2d 937, illustrates this general rule. In this case the former opinions of this court are cited and it is unnecessary to again cite them.

But there is an exception to this general rule which is as well established as the rule itself, and that exception is that such evidence is competent when it tends to prove motive or scheme or the committing of a series of crimes which are so connected that they become a part of a well laid plan or scheme. Such instances often arise in cases of embezzlement, forgery, and obtaining property or money under false pretenses, as here charged. The evidence revealed a well laid plan or scheme whereby defendant, acting in conjunction with his codefendant, filed these false and fictitious claims against Atoka county and his codefendant as county commissioner approved them, and they were paid by the county. Under these circumstances this evidence was clearly admissible and the court did not err in permitting it to be introduced. In the recent case of Boyer v. State, 68 Okla. Cr. 220, 97 P. 2d 779, this court has entered into a full discussion of this proposition and has reviewed and cited the former decisions of this court. It is therefore unnecessary to again cite them.

It is next contended that the verdict and judgment are contrary to the evidence. It is revealed by the record that defendant and A. R. Bagwell were engaged in the automobile sales and service business in the city of Atoka under the firm name of Chappel & Bagwell. That the son of defendant, Loyal Chappell, was employed as a bookkeeper in this business. He testified as a witness against his father. His evidence was that he began working for the firm on November 11, 1937. That he made out the claim upon which this prosecution is based. That it was

made out at the request of his father, the defendant. That he did not know of the automobile parts or the gasoline mentioned in the claim being furnished to Atoka county. That his father just gave him the amount for which the claim should be made out of $158.75, and that he placed the itemized statements therein on his own account and not from any books or records which the company had to show that such parts, labor, or gasoline was furnished Atoka county by the company. In fact, he testified that the claims were false and fictitious and that he knew it at the time he made them out. That the claims were indorsed both by him and by his father and that he carried the warrants to the bank which were issued by the county in payment of the claims, and that when the money was collected he returned to the garage and turned the money over in person to his father. He also testified that the firm of Chappell & Bagwell were not engaged in the selling of gasoline during the year 1939, having discontinued the sale thereof in the fall of 1938. This witness was somewhat an unwilling witness and the court permitted the introduction of a written statement made by him prior to the trial and in the presence of the grand jury. In this statement it was stated:

"That I made out all the claims filed by Chappell & Bagwell against Atoka county since I have been keeping books, so far as I know. That I made out these claims at the request of Joe Chappell, usually, and he would not tell me usually what sums to make them out for, but just said, to make them out. I knew they were false claims filed in almost every instance, and would just make them up and put on them, 'for gas, oil, parts or welding or labor.' Sometimes there would have been some labor performed I did not refer to our books in making out said claims, except in two or three instances."

It is contended by defendant that this evidence revealed that this witness was an accomplice and that his evidence was not corroborated in the manner required by law. In this connection it appears that the court instructed the jury, as a matter of law, that the witness Loyal Chappell was an accomplice and the jury was properly instructed upon the law with reference to the necessity of corroborating his evidence. We have examined the record carefully and find that there is sufficient evidence therein to corroborate his testimony. His wife testified that she was present in the office at the time defendant told his son, Loyal Chappell, to make out the claim in question and that he stated:

"A. Well, he came in the office. We were in the office and he said, 'Son, make up this claim for $158,' and then he said you had better put the amount of cents on there so it won't look so bad. He didn't say exactly whether 65 or 75 cents or what. I believe it was 75 cents. Q. Did you see Loyal make the claim out? A. Yes, sir. Q. Did he use any books identified as State's Exhibit 4 and refer to it? A. No, sir. Q. This book here, (hands witness book) did he refer to it? A. No, sir. Q. What did he refer to, if anything? A. He did not refer to anything. Q. This is the claim that he made out? A. That is it. Q. Joe said, 'Son make it for $158 and some odd cents so it won't look so bad'? A. Yes sir."

Mr. A. R. Bagwell, the partner of defendant, testified that this firm did not sell oil or gas during the year 1939, having discontinued in the fall of 1938. That he never received any part of the proceeds of the claims presented and paid through and by the county of Atoka. That he worked in the back part of the garage and did not know of any work being performed by the company for which the charges were made . The claim upon which this charge was made was Exhibit No. 1, which is as follows:

Commissioner No. 2

Atoka County, Oklahoma

Atoka, Okla., _____9-1_____, 1939

in Account With

Name _____Chappell and Bagwell_____

P. O. Address _____Atoka, Okla._____

| Date 19 | | Amount Claimed | Disapproved by Officer | Disapproved by Board Com |
|---|---|---|---|---|
| | Parts on Truck | 42.15 | | . |
| | Labor on Truck | 16.60 | | |
| 17¢ per gal. | Gas 150 gal. @ | 25.50 | | |
| Oil 25¢ per qt. | Oil 32 gal. @ | 32.00 | . | |
| 25¢ per lb. | Transmission Grease @ | 10.00 | | |
| 30¢ per qt. | Oil 20 gal @ | 24.00 | | |
| 17¢ per gal. | Gas 50 gal @ | 8.50 | | |
| | Total | 158.75 | | |

There was also introduced in evidence Exhibit No. 4, which was a claim for $725, Exhibit No. 6, which was a claim for $73.10, Exhibit No. 8, which was for $275, and Exhibit No. 10, which was for $148.75. The last three of these claims were paid by Atoka county, and the witness Loyal Chappell testified that he had made all of them out and that they were false and fictitious and that Atoka county had never received the goods which they represented. That he had made out the claims at the direction of his father and had collected the money thereon and delivered the same to the defendant. There were also presented for the consideration of the jury Exhibit No. 12 for $725 and Exhibit No. 13 for $338.50. These two claims fully made out and sworn to by both the defendant and his son, Loyal Chappell, were found one in the office of the county clerk of Atoka county

which for some reason had not been filed, and the other in the book of defendant which he had taken from his office to his residence and there found, where it had been concealed. In addition to this Virgil Chappell testified that he was a brother of the defendant, Joe Chappell. That he conducted a grocery business and gas station near Stringtown in Atoka county. That the defendant came to see him while the grand jury was in session and in a conversation stated: "He said he had some claims— some gasoline on some claims and didn't have a way to cover it up and wanted me to make out a statement that he got the gasoline from me." That he had agreed to do so and made out a claim for the purpose of going before the grand jury, but he did not do so. He told his brother it would not work. He testified: "He said that it would have to work and I said can't be done and I said besides that it will drag my family into it and I did not want them drug into it."

There was other evidence which corroborated the evidence of Loyal Chappell, but which it is unnecessary to further quote. There is nothing in the record to cause one to find that the defendant did not have a fair and impartial trial. He has been ably defended, but the time has come for the payment of the penalty prescribed by the verdict of the jury in this case.

It is therefore ordered that the judgment and sentence of the district court of Atoka county be affirmed.

JONES and DOYLE, JJ., concur.