# HERBERT LANCASTER v. STATE.

No. A-11029.   Dec. 1, 1948.

(200 P. 2d 768.)

Herbert Lancaster, pro se.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., and Tannell A. Shadid, County Attorney, Noble County, of Perry, for defendant in error.

BAREFOOT, P. J. The defendant, Herbert Lancaster, was charged in the district court of Noble county with the crime of passing a bogus check after previous conviction of felonies; was tried, convicted by a jury, sentenced to serve a term of 15 years in the State Penitentiary, and has appealed.

The original information was filed on October 27, 1947, and charged the defendant with having, on September 6, 1947, issued a bogus check to the J. C. Penny Company, Perry, Oklahoma, in the sum of $25, purchasing merchandise in the value of $11.86 and receiving the balance in cash. The information charged that defendant had been previously convicted in the district court of Noble county, Oklahoma, of the crime of larceny of an automobile, and sentenced to serve a term of five years in the State Penitentiary, case No. 645; and that on the same date, in the same court, case No. 646, he was convicted of the crime of larceny of an automobile, and sentenced to serve a term of five years in the Penitentiary; and charging that the offense complained of constituted a second and subsequent violation of the law. The judgment in case No. 646 provided that the sentence begin at the expiration of the sentence in case No. 645.

On October 27, 1947, defendant was arraigned and entered his plea of not guilty. On November 20, 1947, the court appointed counsel for the defendant; and on December 3 the state was given permission to amend the information by adding thereto a statement that the defendant had been convicted in the district court of Garfield county on July 22, 1946, of the crime of attempt-

ing to obtain merchandise by use of a bogus check, and sentenced to serve a term of one year in the State Penitentiary. The case was tried on December 10, 1947, the trial resulting in the jury returning a verdict of "guilty of the crime of passing a bogus check to J. C. Penny Company after former conviction of felonies," and leaving the punishment to be assessed by the court.

Motion for new trial was duly filed and overruled, and the defendant, on December 15, 1947, was by the trial court sentenced to serve 15 years in the State Penitentiary, as above stated. Defendant gave notice of appeal, filed a pauper's oath, and the court ordered the case-made prepared at the expense of Noble county. Defendant filed the case-made in this court, without the aid of counsel, and we have considered his letter to the clerk as a petition in error, and have given careful attention to the grounds set out in his motion for new trial.

From the evidence it appears that the defendant had been working for a pipeline construction company at Perry, and worked on Friday, September 5. According to his own testimony he started drinking "a little beer and a little whisky" at 9 or 10 o'clock on Saturday morning, September 6, and continued to drink beer and liquor through the day.

The evidence discloses that about 7 o'clock in the evening defendant purchased certain work clothing, amounting to $11.86 from the J. C. Penny Company, gave them a check for $25, and received the difference in cash. About 6 o'clock that evening, he issued a check for $15 to "Kraemers," having purchased some work gloves etc., and received some cash in change. Between 6 and 7 o'clock he purchased two pairs of khaki pants from "Zorba's" in Perry, issued a check for $10, and re-

ceived $4 in change; and in the afternoon of the same day he purchased three of four dollars worth of groceries from the Royal Food Market, gave them a check for $10, and received the change. On Saturday night defendant purchased some clothing at "The Famous" in Perry, gave a check for $20, and received some change.

All these checks were drawn on the First National Bank of Perry. A ledger sheet from the Bank was introduced in evidence, showing all of the transactions of the defendant with the Bank during the year 1947. This statement shows that on August 13, 1947, defendant deposited $10.25, and on August 14, withdrew $10. On August 18 he deposited $15, and on August 21 withdrew $15. On August 21 the Bank entered a service charge of 25¢, which closed his account, but on August 25 defendant deposited $15, and on August 26 the Bank cashed his check for $15. These were the only transactions defendant had with the First National Bank of Perry during the year.

Defendant admitted the prior convictions, and that he had served three terms in the State Penitentiary therefor. He admitted that he knew his bank account was "flat" at the time he issued the checks on Saturday afternoon and evening, but stated that he had intended to make a deposit Monday morning before the checks had time to get to the Bank. He did not have the money to take care of the checks, which amounted to about $80, but intended to make arrangements for the same.

Defendant testified that about 11 or 11:30 on Saturday night he hired a taxicab and went to Enid, and that he was pretty drunk at that time. He was drinking again in Enid on Sunday, and was picked up by the police in Enid for being drunk about 11:30 Sunday night, and

placed in jail. On Monday morning he asked the officers for permission to make a telephone call to Perry, stating that he wanted to call his brother and ask him to take up the checks which he had issued on Saturday night. He told the chief of police about writing the checks, and that he had to make arrangements to take care of them. The chief of police called the sheriff of Noble county, who went to Enid and got the defendant about 1 o'clock Monday afternoon.

A brother of defendant testified in his behalf, and stated that he had offered to make restitution of the checks. He testified that he told the county attorney that the family would be together on Thanksgiving Day, and that he would call right after that time, and let him know what they could do about the checks; that the defendant had been in jail about 90 days at the time of the trial, and he had been to see him two times. The witness admitted that the county attorney told him to go around and take up the checks, and that he had not done so.

In his motion for new trial, defendant contends, first "That the court erred as a matter of law in admitting over the objection of the defendant evidence of other acts which were not set out in the charge against said defendant and against which the defendant had not been given notice to make a defense and which were highly prejudicial to the rights of said defendant"; and second: "That the verdict rendered in this case is contrary to the evidence and was obviously rendered out of prejudice of the defendant's past record."

Defendant objected to the introduction of the evidence concerning the other checks issued by the defendant on the same day. The jury was excused, the matter

argued to the court, and the objection overruled.

The general rule is that in a prosecution for one crime, it is not proper to admit testimony against the defendant tending to connect him with the commission of other offenses, for the purpose of establishing his guilt of the offense charged. However, there is an exception to the general rule which is well settled in this jurisdiction, and that is, that such evidence is competent and admissible when it tends to establish a systematic scheme or plan so related that the proof of one tends to establish the other. Reniff v. State, 53 Okla. Cr. 448, 13 P. 2d 592; Boyer v. State, 68 Okla. Cr. 220, 97 P. 2d 779; Chappell v. State, 74 Okla. Cr. 213, 124 P. 2d 742; Byers v. State, 78 Okla. Cr. 267, 147 P. 2d 185.

Here the checks introduced were all issued within a few hours, and at a time defendant knew he had no money in the bank. In Reniff v. State, supra, this court said:

"It is also argued that the court erred in admitting testimony of other offenses. There was testimony that defendant at about the same time under similar circumstances passed several other forged checks in the same manner as the check, and for approximately the same amount in this case. This was admitted under the well-settled rule that proof of other offenses of similar character, and near in point of time, is relevant and admissible to show a system of criminal action and the knowledge and intent of the accused and to show the act charged was not an inadvertence."

We are of the opinion that evidence of the issuance of other checks by the defendant, under similar circumstances, and on the same date, was relevant to the issue, and was not inadmissible by reason of the fact that it would tend to prove appellant guilty of offenses other than that charged in the information. It was clearly admissible for the purpose of proving guilty knowledge

or the intent with which the act charged was committed. They were acts of the appellant in a continuous series of transactions and were precisely of the same character as the act for which he was being tried. It may be regarded as settled that where the offense charged is so connected with the other offenses sought to be proved, evidence of the latter may be given to show the character of the former. It follows that the court did not err in its ruling in the admission of the evidence objected to.

Defendant's second ground for new trial was that the verdict rendered was contrary to the evidence, and rendered out of prejudice of the defendant's past record.

Defendant was charged and prosecuted under 21 O.S. 1941 § 1541, which is as follows:

"Every person who, with intent to cheat and defraud, shall obtain or attempt to obtain from any person, firm or corporation, any money, property, or valuable thing, of the value of Twenty ($20.00) Dollars, or less, * * * or by means or use of any false or bogus checks, * * * shall be guilty of a misdemeanor * * *. If the value of the money, property or valuable thing referred to in the preceding paragraph, be more than Twenty ($20.00) Dollars, any person convicted hereunder shall be deemed guilty of a felony and shall be punished by imprisonment in the State Penitentiary, for a term not exceeding seven (7) years, or by a fine not to exceed Five Hundred ($500.00) Dollars or by both such fine and imprisonment. The term 'false or bogus check' shall include checks or orders given for money or property which are not honored on account of insufficient funds of the maker to pay same, as against the maker or drawer thereof, the making, drawing, uttering or delivering of a check, draft or order, payment of which is refused by the drawee, shall be prima facie evidence of intent to defraud and the knowledge of insufficient funds in, or credit with, such bank or other depository; provided, such

maker or drawer shall not have paid the drawee thereof the amount due thereon, together with the protest fees, within five days from the date the same is presented for payment; and, provided, further, that said check or order is presented for payment within thirty days after same is delivered and accepted."

No attempt was made by the defendant to take up the checks he had issued, although he was returned to Noble county on Monday, following the issuance of the checks on Saturday. 21 O.S. 1941 § 51, provides:

"Every person who, having been convicted of any offense punishable by imprisonment in the penitentiary, commits any crime after such conviction, is punishable therefor as follows:

"1. If the offense of which such person is subsequently convicted is such that upon a first conviction an offender would be punished by imprisonment in the penitentiary for any term exceeding five years, such person is punishable by imprisonment in the penitentiary for a term of not less than ten years. * * *"

The court's instructions fully covered the statutes, and the punishment that could be assessed against the defendant. The minimum punishment that this defendant could have received was ten years, but the court saw fit to assess his punishment at 15 years in the State Penitentiary.

This court has often announced that it will give every consideration to an appeal filed by an inmate of the penitentiary without aid of counsel. We have carefully read and examined the record in this case—the information, the evidence, the rulings and instructions of the court. The information is in proper form; the trial court appointed able counsel to represented the defendant, and this counsel took every precaution to protect the rights of the defendant. The instructions of the court

fully protected his rights, and fairly presented the issues to the jury for determination. No exceptions were taken to the instructions.

Finding no reversible error in this case, the judgment of the district court of Noble county is affirmed.

JONES and BRETT, JJ., concur.